### Ex Parte L. E. Sanders.

No. 14536.    Delivered February 15, 1933.
State's Rehearing Denied March 22, 1933.
Reported in 58 S. W. (2d) 131.

The opinion states the case.

*John McGlasson,* of Waco, for appellant.

*B. P. Matocha,* City Attorney, of Cameron, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

*Terrell, Davis, Hall & Clemens,* of San Antonio, amicus curiae.

LATTIMORE, JUDGE.—From an order of the county court of Milam county upon a habeas corpus hearing remanding relator to the custody of the city marshal of the city of Cameron, an appeal was taken to this court. An opinion was handed down at a former time, but upon consideration same is withdrawn, and the following substituted.

The city authorities of said city enacted an ordinance having two sections, the first of which makes it unlawful for any person, etc., to peddle, solicit, take orders for, etc., within such corporate limits, any merchandise for the purpose of making delivery from any vehicle while same is standing on any street, alley, etc., within the corporate limits of the city of Cameron. Relator asserts that the applicable parts of this ordinance are unreasonable, and that same is not one within the power of the city authorities to enact.

We do not concern ourselves with any part of said ordinance not involved in the complaint lodged against relator. He is not charged with peddling, which offense is well defined, Ex parte Hogg, 70 Texas Crim. Rep., 161, hence we do not consider whether said ordinance is valid in so far as its inhibition against peddling is concerned. Nor is relator charged with a violation of the second section of said ordinance, which forbids peddling, soliciting, taking orders, etc., *on any street, etc.,* of said city; hence we do not feel called on to pass on the validity of said second section of said ordinance. It seems to be well settled that when an ordinance or law is severable, that is valid in some part and invalid in another, but the invalid part can be stricken out and still leave a sufficient law, it is the duty of

the court to hold invalid only that part which is bad.  Texas Jur., vol. 9, sec. 55.  So here, if the complaint against this relator is grounded on some invalid part of the ordinance in question, if such there be, and there be other parts not so invalid, it would be our duty to order the release of the relator upon the ground of the invalidity of that part of the ordinance under which he is held.

We confine our analysis and discussion to that part of section one of said ordinance which makes it unlawful for any person, etc., to take orders, solicit, etc., any merchandise for the purpose of making delivery from any conveyance while same is standing on any street of said city.  Conceding all legal contentions made to the effect that the city authorities have and had full power to pass reasonable ordinances to prevent the use of the city streets, alleys, etc., as places for the transaction of private business; and that perhaps said authorities might make laws forbidding the parking on such streets of vehicles loaded with merchandise, in such manner and for such length of time as to interfere with the free use of such street, etc., for purposes of traffic, still in this case we are not dealing with any such ordinance; nor is there here effort to penalize him who handled or parked or occupied the vehicle from which purposed deliveries would be made; but this ordinance does undertake to penalize him whose only affirmative act in the matter was that somewhere in said city, in storehouse or residence, he took orders or solicited the sale of merchandise, a thing which in and of itself could hardly be deemed any sort of interference with traffic or the free use of the streets.  No imputed illegality could arise from the character of the goods so solicited or sold on orders; there being nothing in the ordinance supporting such possible imputation.  Nor does there appear in the ordinance aught affected by the time, place, or manner of such solicitation.  The grocer, butcher, or merchant of any kind who cared to call over the phone, or sent a personal solicitor to obtain orders for goods, would clearly be penalized under the terms of the ordinance if at the time of such solicitation it be purposed that presently a delivery would be made from a vehicle while standing on a street in said city.  Since pneumatic tubes and airplane deliveries are out of the question in our Texas cities, it would seem difficult to escape the consequences at once apparent to him who took such orders.

Nor does the ordinance make the punishment of the solicitor at all or in any way dependent upon *his* making delivery from some vehicle, or even returning the order in person or by

mail or phone, to some other person who might make delivery by means of such vehicle. When an order has been taken or solicited, the act being finished, completed, the criminality under the ordinance of the person so doing has attached. Such an ordinance would seem clearly violative of the provisions of our Constitution guaranteeing to every citizen equal rights in regard to his life, liberty, and property, and the right to make and execute contracts. Wichita Electric Co. v. Hinckley, 131 S. W., 1192; Wylie v. Hays, 263 S. W., 563.

An ordinance forbidding generally any citizen from taking orders for goods would be unreasonable, and the situation would not be helped by such effort as here appears, to link up the act of the solicitor with some other person who, somewhere on a street, might intend to make delivery from a vehicle necessarily standing on such street. In our opinion that part of section one of the ordinance relating to soliciting, taking orders, etc., is at once unreasonable, and cannot be upheld on any proposition that it is a lawful exercise of the right of control over the streets of the city of Cameron by its duly constituted authorities.

The judgment of the trial court will be reversed, and the relator will be ordered discharged.

*Reversed and relator discharged.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Section 1 of the ordinance in question, eliminating the parts not here necessary, makes it unlawful for "any person * * * to take orders * * * to sell within the corporate limits of the city of Cameron any merchandise for the purpose of making delivery * * * from any conveyance * * * while same is standing on any street, alley, or public place within the corporate limits of the city of Cameron." Section 2 of said ordinance is identical with that above quoted, save that it prohibits like acts on any street within the fire limits of said city.

In the motion for rehearing, it is insisted that the purpose of the ordinance was to prohibit trucks loaded with merchandise from standing on the streets while the said merchandise was being sold or orders taken for its sale, thereby interfering with the usual traffic on, and use of, the streets, and urges that the ordinance should be so construed. A further consideration of the ordinance confirms us in the view that, whatever may have been intended by it, the language in which the ordinance

is couched is such that no construction other than as given it in our original opinion would be justified.

The motion for rehearing is overruled.

*Overruled.*