EX PARTE J. M. WATSON.

No. 24665. November 30, 1949.
State's Motion for Rehearing Denied January 18, 1950.

Hon. Robert A. Hall, Judge Presiding.

*Andress & Ramsey,* Dallas, for realtor.

*Marion A. Lawson,* City Attorney, Clarksville, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Relator was charged with a violation of a city ordinance of the city of Clarksville, Texas, relative to driving an automobile within the corporate limits of said city at a greater speed than 30 miles per hour, and upon his trial therefor he was fined by a jury the sum of $25.00.

Within the proper time he gave notice of appeal to the district court of Red River County and filed an appeal bond. Thereafter, his appeal was dismissed by the district court and a capias pro fine was issued from the corporation court of Clarksville, and relator was taken into custody thereunder in Dallas County. He sued out a writ of habeas corpus before a district judge in Dallas County, and upon a hearing he was remanded to the custody of the Clarksville authorities.

There are different propositions urged before this court relative to procedure and jurisdiction in the courts below, a decision of which is not necessary on account of our disposition of the cause and are therefore pretermitted.

The present state statute, Art. 827a, Sec. 8 of Vernon's Ann. Tex. P. C., regulating the speed of vehicles in towns or villages, whether incorporated or not, allows no greater speed than 30 miles per hour. Article 827a, Sec. 9-b, provides a penalty for a violation of such article by a fine of not exceeding $50.00 for the first offense, and not exceeding $200.00 for the second offense, and not exceeding $500.00, or imprisonment in the county jail not exceeding 60 days, or both such, for each subsequent offense thereafter.

The ordinance of the city of Clarksville regulating the speed of motor vehicles within such corporate limits provides as a penalty for a violation thereof "any sum not exceeding one hun- ($100) dollars."

In 30 Tex. Jur., p. 305, sec. 168, it is said, in substance, that an ordinance which regulates the same thing and defines substantially the same offense as a state statute but prescribes a greater or less or different penalty than that prescribed by statute is void. This rule has been announced in many cases cited on page 305 of the text mentioned. See Ex parte Jonischkies, 92 Tex. Cr. R. 461, 244 S. W. 997; McLain v. State, 31 Tex. Cr. R. 558, 21 S. W. 365; Brewer v. State, 113 Tex. Cr. R. 522, 24 S. W. (2d) 409. See also Branch's Ann. Tex. P. C., p. 224, sec. 416.

If the ordinance under which the conviction was had herein is void, then such can be made available upon a writ of habeas corpus. See Branch's P. C., p. 228, sec. 430; also 21 Tex. Jur., p. 429, sec. 10.

On account of the difference in the penalty between the city ordinance and the state law, we hold such penalty of not more than $100 in such ordinance to be void, and relator should have been discharged herein. Thus believing, the judgment is here reversed and the relator ordered discharged.

### ON STATE MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The state has filed a motion for a rehearing asserting that

the conviction of relator in the corporation court of the city of Clarksville was of the state law (Art. 827a, sec. 8, Vernon's Ann. Tex. P. C.) and not a violation of the ordinance of said city.

The complaint under which relator was convicted charged that he operated and drove a motor vehicle "within the corporate limits of the incorporated City of Clarksville, Texas, there situate at a rate of speed in excess of 30 miles per hour *contrary to the statutes of the State of Texas, and the ordinances of the City of Clarksville in such cases made and provided, and against the peace and dignity of the State.*" (Italics ours).

There is no question but that the complaint was so drawn that a conviction could have been had on either a violation of the ordinance of the city or of the state law. The judgment recites that the verdict of the jury read, "We the jury find the defendant guilty as charged and assess his fine *as* $25.00," signed by the foreman. The judgment continues: "It is therefore considered and adjudged by the court that the State of Texas, do have and recover of the said Sodie Watson, defendant, the sum of twenty-five dollars fine, and all the costs of this prosecution," etc. Without a recital in the verdict or judgment that the conviction was for a violation of the state law, how is this or any other court to know whether the conviction was of the state law or of the ordinance? Certainly not merely by an assertion in a motion or a brief unsupported by anything in the record.

There is no question but that the ordinance was void for the reasons pointed out in our original opinion.

We still believe our disposition of the case originally was correct, and the state's motion for rehearing is overruled.