## MOORE v. McCARVER et al.
### No. 2970.

Court of Civil Appeals of Texas. Waco.
May 24, 1951.

Grace & Palmos, Hearne, for appellant.
Brady Carson, Hearne, for appellees.

HALE, Justice.

Appellant signed an application to the Texas Liquor Control Board under date of June 9, 1950 for a license to sell beer at retail on certain premises located in the City of Hearne. Shortly thereafter she presented the application to the City Secretary of the City of Hearne with the request that he sign a certificate attached to the same, thereby certifying in substance that the location for which the license was sought is in a "wet area" of the city and that no provision of the city charter, ordinances or amendments thereto prohibits

or places any limitation upon the sale of alcoholic beverages at such location. The Secretary refused to sign the certificate. On August 28, 1950 appellant filed her petition in the court below against the City of Hearne and its Secretary for a writ of mandamus to compel the Secretary in his official capacity to sign such certificate. The case was tried by the court without a jury on November 20, 1950 and resulted in judgment denying appellant the relief sought by her.

The evidence and findings of the trial court show that the City of Hearne is incorporated under the general laws of Texas regulating municipal corporations but it is not a "home rule" city. There was no valid ordinance in existence in the City of Hearne prohibiting the sale of beer at the location described in appellant's application when the Secretary refused to execute the certificate attached to the application, but on May 15, and again on June 12th of 1950, the City Council of Hearne had voted unanimously to deny Mack Rembert, the owner of the premises, permission to sell beer at the location described in such application. This action was taken by the Council after certain persons residing in the immediate vicinity of the premises for which the beer license was sought had protested against the sale of beer at that location. The property in that vicinity was used predominantly for residential purposes. On September 12, 1950 the City Council duly passed an ordinance in proper form dividing the city into wet and dry areas in accordance with the provisions of Art. 667–10½ of Vernon's Tex.P.C., but no attempt was made in the passage of such ordinance to comply with the procedure outlined in Art. 1011a–1011j of Vernon's Tex.Civ.Stats. This ordinance became effective when it was published on September 15, 1950. By its terms the City of Hearne was divided into two areas, one being designated as business and the other as residential, and the retail sale of beer was prohibited in the residential area. The premises described in the application of appellant are within the residential area of the City of Hearne as fixed by the foregoing ordinance.

Appellant contends in substance that the trial court erred in refusing to grant the writ of mandamus sought by her because the ordinance passed by the City of Hearne on September 12, 1950 was and is invalid, in that it was not passed in accordance with the procedure outlined in Arts. 1011a–1011j of Vernon's Tex.Civ.Stats. She also contends that she was entitled to the relief sought by her even though the ordinance passed on September 12, 1950 is valid because the same was not in existence at the time when she requested the City Secretary to sign the certificate attached to her application or at the time when she filed this suit and hence she says the subsequent passage of such ordinance constituted no basis for denying her the relief which she sought. We cannot agree with these contentions for reasons to be noted briefly.

■ Arts. 1011a through 1011j of Vernon's Tex.Civ.Stats. are parts of a comprehensive Act passed by the 40th Legislature of Texas in 1927, hereinafter referred to as the Texas Zoning Law. It was not the purpose or intention of the Legislature in the passage of this general law to authorize any city or town to regulate, control or in any manner to legislate upon any phase of the liquor traffic because at that time the 18th Amendment to the Constitution of the United States was in full force and effect and it prohibited the manufacture, sale or transportation of intoxicating liquors throughout the Nation. In 1935, after the 18th Amendment to the Federal Constitution had been repealed, the Legislature passed what is known as the Texas Liquor Control Act for the specific and sole purpose of regulating and controlling the liquor traffic in this State. This extensive Act makes no reference whatsoever to any part of the Texas Zoning Law.

■ Art. 667–10½ of Vernon's Tex.P.C. is a part of the Texas Liquor Control Act. By its terms any incorporated city in this State is expressly authorized to regulate the sale of beer within the corporate limits of such city by ordinance and to designate certain zones in the residential section thereof where the sale of beer may be prohibited. The legislative body of the City of Hearne acted in pursuance of the au-

thority specifically granted to it by the terms of this Act when, on September 12, 1950, it passed the ordinance that prohibited the sale of beer in the area which embraced the location described in the application of appellant for a license to sell, beer. This ordinance was not intended to be and it was not in any sense a zoning ordinance within the meaning of Arts. 1011a–1011j of Vernon's Tex.Civ.Stats. Since the purpose and intent of the Texas Zoning Law is entirely different from that of the Texas Liquor Control Act, the former being general and the latter special in nature and neither having any direct relation to the other, it is our opinion that the ordinance regulating the sale of beer as passed by the governing body of the City of Hearne on September 12, 1950 was and is valid and enforceable, notwithstanding the procedure outlined in Arts. 1011a–1011j of Vernon's Tex.Civ.Stats. Andreas v. City of Beaumont, 51 Tex.Civ.App. 625, 113 S. W. 614; Mayhew v. Power, Tex.Civ.App., 104 S.W.2d 642; Pitre v. Baker, Tex.Civ. App., 111 S.W.2d 359 (er. dis.) ; Eckert v. Jacobs, Tex.Civ.App., 142 S.W.2d 374; Louder v. Texas Liquor Control Board, Tex.Civ.App., 214 S.W.2d 336 (er. ref. n. r. e.).

If we are correct in our holding that the passage of the foregoing ordinance constituted a valid exercise of the legislative power granted to the City of Hearne under the provisions of Art. 667–10½ of Vernon's P.C., the fact that such ordinance was not in existence at the time when the City Secretary refused to sign the certificate as requested, or at the time when appellant filed her petition in the court below for a writ of mandamus, is wholly immaterial to a proper disposition of the cause. By the express terms of the Texas Liquor Control Act appellant could not acquire any vested right of property at any time under her application for a license to sell beer. Even though the City Secretary had signed the certificate as requested, and even though the Texas Liquor Control Board might have issued the license applied for prior to September 12, 1950, it would have become the legal right and duty of the Board to cancel and revoke such license upon the passage of the ordinance by the City of Hearne prohibiting the sale of beer at the place described in the application. Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300. The courts of this State have held repeatedly that a writ of mandamus ought not to be issued in any case if the issuance would be useless or unavailing or if the ultimate object thereby sought to be accomplished is impossible of attainment. See: 28 Tex.Jur., p. 524, Sec. 7 and authorities there cited. This is such a case.

Accordingly, each of appellant's points is overruled and the judgment appealed from is affirmed.