## EX PARTE KENNETH L. MELTON

No. 27,655. May 25, 1955

*Stafford, Atlas & Spilman,* by *Morris Atlas,* McAllen, for relator.

*Dave Horger, Jr.,* First Assistant Criminal District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the county jail of Hidalgo County, applies for writ of habeas corpus to secure his release from confinement, alleging that the commitment by virtue of which he is held is void because: (1) he was deprived of a trial by a jury of twelve men, (2) the act which created the court from which it was issued was unconstitutional, and (3) he was tried for an offense under a statute which this court has held to be unconstitutional. The relator was tried and convicted in the County Court at Law of Hidalgo County of the offense of contributing to the delinquency of a minor and his punishment assessed at six months in jail. Relator appealed his conviction to this court, and the judgment of the trial court was affirmed. Melton v. State, 275 S.W. 2d 824. This is a collateral attack upon such judgment of conviction.

The County Court at Law of Hidalgo County was created by the 52nd Legislature by the enactment of Article 1970-341, V.A.C.S., which became effective March 17, 1951.

We shall discuss relator's contentions in the order stated.

The jury question is first. Relator relies upon Jordan v. Crudgington, 231 S.W. 2d 641, decided by the Supreme Court of this state. The holding in that case was that an act which created the Court of Domestic Relations for Potter County was unconstitutional insofar as it provided for a trial by a jury of six men in said court. The effect of that holding was that the court named was neither a county or district court but came under the category of "such other courts" which the legislature was given the power to create by Section 1 of Article V of the Constitution. It being such a court, it could not come within the terms of Section 29 of said article, which authorizes a jury of six men in a county court.

We now analyze the Hidalgo County act.

Section 1 calls it the "County Court at Law of Hidalgo County."

Section 2 gives it the same jurisdiction, civil and criminal, as the county court.

Section 3 gives it concurrent probate jurisdiction with the county court.

Section 5 provides, in part, as follows: "The practice in said Court, and appeals and writs of error thereto and therefrom, shall be as prescribed by the laws and rules relating to County Courts."

Secton 6 provides that the judge should be appointed in the manner provided for the appointment of county judges.

Section 7 provides that the judge execute a bond and take the oath of office required of county judges.

Section 8 provides that special judges in said court should be selected in accordance with the law relating to county courts, that they should be compensated in the same manner, and that the county judge might sit in probate matters in the new court in the absence of the regular judge.

Section 9 provides for removal of the judge in the same manner and for the same causes as a county judge.

Section 11 provides that the judge shall be paid the same salary, out of the same fund and in the same manner, as the county judge and authorizes him to assess the same fees as a county judge.

Section 13 provides that the judge shall have the same power in contempt as a county judge.

Section 14 provides that the county clerk shall be the clerk of the court.

Section 16 provides, in part, as follows:

"The jurisdiction and authority now vested by law in the County Court of Hidalgo County and the Judge thereof, for the

drawing, selection and service of jurors and talesmen shall also be exercised by the County Court at Law and the Judge thereof; but jurors and talesmen summoned for either of said Courts may by order of the Judge of the Court in which they are summoned, be transferred to the other Court for service therein and may be used therein as if summoned for the Court to which they may be thus transferred. Upon concurrence of the Judge of the County Court at Law and the County Judge, jurors may be summoned for service in both Courts and shall be used interchangeably in both such Courts."

An examination of the act reveals that no jurisdiction has been conferred on the court created which is not exercised by county courts generally under the Constitution and laws of this state.

From these provisions, we conclude that the legislature, by the passage of the Hidalgo County act, intended to and did create a county court to be known as the "County Court at Law," in which trials should be had to a jury of six rather than twelve, in accordance with the terms of Article V, Section 29, of the Constitution, and that the Jordan case is not her controlling.

We move on to relator's contention that the Hidalgo County act is unconstitutional because it confers probate jurisdiction on the court so created.

The relator was convicted in a criminal case. The Hidalgo County act contains a severability clause, and if the supreme court of this state should hold that such transfer of probate jurisdiction rendered that portion of the act unconstitutional, it would not affect the validity of this holding, which upholds the criminal jurisdiction of said court. In the light of a recent holding of the supreme court in State ex rel Rector v. McClelland, 224 S.W. 2d 706, we disclaim any fear that the supreme court will hold this act unconstitutional.

Relator's last contention is that he was tried under Article 534a, V.A.P.C., which we held to be unconstitutional. Waggoner v. State, (page 242, this volume) 275 S.W. 2d 821.

He contends that the record of the former case on file in this court will reveal that he was tried under Article 534a, V.A.P.C., and not under Article 534 because of the following:

1. The prosecutor read to the jury portions of Article 534a.

2. The prosecutor stipulated that he advised the relator of the penalty provided by Article 534a, and

3. The court in his charge to the jury set out the punishment provided by Article 534a, which carries a maximum penalty less than that prescribed by Article 534.

This contention was disposed of by the majority opinion of this court on the appeal in Waggoner v. State, supra, and in Melton v. State, supra, but will be given a more extended discussion.

We have concluded that the material inquiry in a case such as this should be, not whether the indictment, the manner in which the case is prosecuted, and the court's charge would support a conviction under some other statute, but whether they would support a conviction under the statute which we held to be valid.

The opinion of this court on the appeal of this conviction found that Article 534a was void and, being void, did not repeal Article 534, that both articles denounced the crime of which appellant was convicted, and that the court which tried the appellant had jurisdiction of the offense denounced by Article 534.

Reliance is had upon Ex parte Watson, 154 Texas Cr. Rep. 167, 225 S.W. 2d 850. In that case, we held an ordinance of the city of Clarksville void because the maximum punishment provided by such ordinance was different from that provided in a state statute which defined substantially the same offense.

We are not here confronted with a conflict between a city ordinance and a state statute. We are not even confronted with a conflict between two state statutes. We have a conviction with punishment assessed that was within that prescribed by either of two state statutes, one of which we have held to be void.

At the time of the trial, the validity of such statute had not been adjudicated. The trial court, demonstrating caution, elected to charge the jury as to the lowest maximum punishment prescribed by either of the statutes so as to avoid any possibility of injury to the accused. The Watson case is not here controlling.

In the recent case of Head v. State, 160 Texas Cr. Rep. 42,

267 S.W. 2d 419, the indictment was for rape, and the trial court told the jury in his charge, to which, as in the case at bar, no objections were leveled, that the maximum punishment was life imprisonment; whereas, under the maximum was death. In that case, we cited as authority Graham v. State, 73 Texas Crim. Rep. 28, 163 S.W. 726, and held that, since the charge was beneficial to the accused, he could not be heard to complain even on appeal. It must be remembered that this is a collateral attack.

We remain convinced that the conviction in this case is supported by Article 534 and that the relief prayed for should be denied.

It is so ordered.