**J. M. WATSON, Appellant,**

v.

**A. C. LEMON et al., Appellees.**

**No. 3461.**

Court of Civil Appeals of Texas.

Waco.

April 4, 1957.

Rehearing Denied May 2, 1957.

Wm. Andress, Jr., Dallas, for appellant.

B. F. Edwards, Clarksville, R. T. Bailey, Touchstone, Bernays & Johnston, James A. Williams, Dallas, for appellees.

McDONALD, Chief Justice.

This is a bill of review, brought 41 days after a dismissal for want of prosecution, of plaintiff's action against defendants for false arrest. A statement is necessary. On 2 December 1948 plaintiff, who was driving a bus, was given a ticket by defendant City Marshal of the City of Clarksville and charged with driving in excess of the speed limit provided by the ordinance of the City of Clarksville. Plaintiff employed a lawyer, and the matter was finally adjudicated and

a fine of $77 assessed against plaintiff. Plaintiff did not pay the fine and the City of Clarksville caused a capias pro fine to be issued, and defendant Lemon, City Marshal of Clarksville, came to Dallas, caused plaintiff to be arrested by Dallas police officers, who turned plaintiff over to Lemon who took him back to Clarksville. Plaintiff was detained in Clarksville for some 18 hours and finally released after a friend agreed to stand good for the fine. Plaintiff thereafter was re-arrested on capias pro fine, and sued out a writ of habeas corpus before a District Judge in Dallas County. The Court of Criminal Appeals, in Ex parte Watson, 154 Tex.Cr.R. 167, 225 S.W.2d 850, ordered plaintiff's release and discharge and held that the ordinance of the City of Clarksville under which plaintiff had been arrested and convicted was void. Thereafter plaintiff employed attorney Fred Ramsey of Dallas, who brought suit against defendant Lemon, his bondsman, Standard Accident Insurance Company, and the City of Clarksville for false arrest. The City of Clarksville was thereafter dismissed from the action. On 28 February 1952 the case was regularly called for trial and plaintiff's attorney not being present, the case was dismissed for want of prosecution. It was more than 30 days before plaintiff learned that his case was dismissed and on learning of same he employed present counsel to file a bill of review for reinstatement of his cause of action. After a hearing the Trial Court entered judgment for defendants refusing to reinstate plaintiff's cause of action.

Plaintiff appeals, contending: 1) The Court of Criminal Appeals' decision, supra, conclusively established that plaintiff had been wrongfully arrested by defendant Lemon, and thereby established a cause of action arising therefrom for provable damages suffered. 2) That plaintiff's attorney had no authority to compromise or surrender his rights. 3) That filing a bill of review 41 days after the dismissal for want of prosecution shows proper diligence. 4) That defendant Insurance Company is liable

for plaintiff's arrest since it did not deny execution of the marshal's official bond.

The Trial Court filed Findings of Fact and Conclusions of Law substantially as follows:

### Findings of Fact.

This cause of action is in the nature of a Bill of Review, as the outgrowth of an order dismissing a cause between the same parties. The Bill of Review alleges the same subject matter as the original cause. The hearing on the Bill of Review was before the court without a jury, which after hearing entered judgment for defendants. In support of such judgment the court finds:

1) In June 1949 plaintiff filed suit against defendant Lemon, Standard Accident Insurance Company and the City of Clarksville for false arrest.

2) The City of Clarksville was thereafter dismissed, leaving Lemon and the Standard Accident Insurance Company as sole defendants.

3) The suit was filed by the law firm of Andress and Ramsey but in 1950 the firm was dissolved and Fred Ramsey took over representation of plaintiff with the full knowledge and consent of plaintiff.

4 and 5) The case was called in its regular order for trial on 18 February 1952, wherein counsel for defendants were present and asked for trial, but plaintiff came not and said cause was, in accordance with the rules, dismissed for want of prosecution, and a written order entered for such dismissal on 28 February 1952.

6) No motion or request was ever filed to reinstate such cause as prescribed by the Rules of Civil Procedure.

7) On 10 April 1952 plaintiff filed a Bill of Review to review the order of dismissal and reinstate his claim for damages based on false imprisonment.

8) Plaintiff was at all times represented by capable and learned counsel—Fred Ram-

sey on the original cause, and William Andress on Bill of Review.

9) I find as a matter of fact that no fraud, accident, mistake or wrongful act was alleged to have occurred on the part done or omitted by the defendants.

10) I further find that no evidence was adduced upon the latter hearing to show, or tending to show, that the dismissal was obtained through fraud, accident, mistake or wantonness of any kind or character on the part of the defendants.

11) I further find that the evidence shows only that the Standard Accident Insurance Company had issued official bond for Lemon as marshal of the City of Clarksville; that no evidence was adduced to show that said bond was in force at the time of the complained of incident.

### Conclusions of Law.

1) The order dismissing the cause for want of prosecution was a final action of this court.

2) Plaintiff's cause was dismissed for want of prosecution in conformity with the Rules of Civil Procedure ordained and regulating the District Courts of Dallas County.

3) Plaintiff's pleadings do not allege sufficient matter to warrant this court in considering said Bill of Review.

4) I conclude that plaintiff did not plead or prove a cause of action against the defendants; that there was no evidence to support the assumption that the bond issued to Lemon was in force at the time of the incident complained of.

5) The plaintiff is not entitled to any of the relief sought; the judgment of dismissal should not be disturbed.

Assuming without deciding that 1) plaintiff established a cause of action for wrongful arrest, 2) that plaintiff's attorney had no authority to compromise or surrender his rights, and 3) that plaintiff was diligent in bringing his bill of review upon learning that his case had been dismissed for want of prosecution, plaintiff has still fallen short of the burden incumbent upon him before this court can set aside the Trial Court's refusal to grant his bill of review herein.

■ An application to set aside a default judgment entered at a previous term of court, by bill of review, must show not only a meritorious cause of action, but that the complaining party was prevented from appearing and presenting his cause of action through fraud, accident, or mistake wholly unmixed with any negligence on his part. Barrow, Wade, Guthrie & Co. v. Stroud, Tex.Civ.App., 125 S.W.2d 365 (no writ history); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; 15-A Tex.Jur. 399.

■ In the case at bar there was no showing whatsoever that the judgment dismissing plaintiff's case for want of prosecution was caused by fraud, accident, or mistake on the part of the defendants, nor was there any showing whatsoever that the dismissal of plaintiff's case for want of prosecution was not caused by the negligence of plaintiff's counsel. The Findings of Fact of the Trial Court in the foregoing particulars are amply supported by the record and the Trial Court's Conclusions of Law as to liability are in keeping with the authorities cited. See also 25 Tex.Jur. 632, 661; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Sedgwick v. Kirby Lbr. Co., 130 Tex. 163, 107 S.W.2d 358; Garcia v. Ramos, Tex.Civ. App., 208 S.W.2d 111 (Er.Ref.).

From the foregoing it follows that we cannot say that the Trial Court erred or abused its discretion in denying plaintiff relief on his bill of review after dismissal for want of prosecution. The judgment of the Trial Court is therefore affirmed.