DAVID GRAHAM BIERMA v. STATE

No. 29,342, December 4, 1957.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Appellant was convicted in the corporation court of the city of Houston for speeding, and his punishment assessed at a fine of $200.00. Appellant appealed this conviction to the County Court at Law No. 3 of Harris County, where upon a trial de novo his punishment was assessed at a fine of $101.00. His appeal to this court is predicated upon the sole contention that the corporation court conviction was "voidable" because the fine assessed was greater than is provided by Article 827a, Section 9-b, V.A.P.C. Reliance is had upon Ex parte Watson, 154 Texas Cr. Rep. 167, 255 S.W. 2d 850.

Appellant overlooks the fact that this court in its opinion on rehearing in Ex parte Seals, 158 Texas Cr. Rep. 329, 255 S.W. 2d 215, overruled that portion of Ex parte Watson, supra, which held that the punishment for a violation of Section 8 of Article

827a was to be found in Section 9-b of that act and held that Section 15 of the act contained the provision for punishment.

It was stipulated that the speed limit at the location where the offense was alleged to have been committed was 30 miles per hour at the time charged. Officer Holdgraf testified that he "clocked" the appellant's automobile and that he was driving 40 miles per hour.

The appellant testified that he was driving 30 miles per hour at the time in question. The trial judge who heard the case without the intervention of the jury resolved the conflict in the evidence against the appellant, and we find the same sufficient to support the judgment.

No reversible error appearing, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

There is no valid statute of this state which says that it is a violation of the law to operate a motor vehicle in excess of thirty miles per hour over the public streets in the business and residential districts of the city of Houston, which was the charge against this appellant and for which he stands convicted.

Art. 827a, Vernon's P. C., which attempts to make such an act unlawful is void and unenforceable for the reasons set out in my dissenting opinion in the case of Rowland v. State, No. 28,357, 311 S.W. 2d 831.

If the state was prosecuting this case under some ordinance of the city of Houston rather than the state law, such ordinance should have been both alleged and proven. Branch's P. C., 2nd Edition, Vol. 1, Sec. 449, p. 452.

This conviction rests upon a void statute of this state.

I respectfully dissent to the affirmance of this case.