

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 8, 1966

Honorable William D. Pratt
County Attorney
Palo Pinto County
Mineral Wells, Texas

Opinion No. C-754

Re: Validity of Ordinance
of the City of Mineral
Wells which makes it
unlawful to sell alco-
holic beverages on
Sunday in the city
limits.

Dear Mr. Pratt:

You recently requested an opinion of this of-
fice concerning the validity of the following ordinance
adopted by the City of Mineral Wells making it unlawful
to sell beer or any alcoholic beverage on Sunday in the
city limits of Mineral Wells, Texas.

The pertinent parts of the ordinance are as
follows:

"4. It shall be unlawful for any
person to directly or indirectly sell,
offer for sale, barter, offer to barter,
exchange, or offer to exchange, give, or
offer to give, deliver, or offer to de-
liver, serve, or offer to serve, beer
or any alcoholic beverage, by retail
for consumption on or off the premises,
within the corporate limits of the City
of Mineral Wells, in Palo Pinto County,
Texas, between the hours of 1:00 A.M.
of any Sunday and 7:00 A.M. of the fol-
lowing Monday morning.

"5. Any person violating any pro-
vision of this Ordinance shall be guilty
of a misdemeanor, and upon conviction
shall be punished by a fine of not less
than $25.00, and not more than $200.00,
and each day of such violation shall
constitute a separate offense."

The authority of cities to regulate the sale of
beer is found in Article 667-10 1/2, Vernon's Penal Code.

-3623-

The pertinent part of such statute is as follows:

"All incorporated cities and towns
are hereby authorized to regulate the
sale of beer within the corporate lim-
its of such cities and towns by charter
amendment or ordinance, and may thereby
prescribe the opening and closing hours
for such sales; such cities and towns
may also designate certain zones in the
residential section or sections of said
cities and towns where such regulations
for opening and closing hours for the
sale of beer shall be observed or where
such sales may be prohibited. All in-
corporated cities and towns and all Com-
missioners Courts when acting under au-
thority of this section are hereby au-
thorized in adopting charter amendments,
ordinances, or orders to distinguish be-
tween retailers selling beer for consump-
tion on the premises where sold and those
retailers, manufacturers or distributors
selling not for consumption on the prem-
ises where sold, and to provide for
separate and distinct regulations. Noth-
ing herein shall authorize any incorporated
city or town to extend by ordinance or
charter the hours of sale as fixed by the
state law."

The foregoing statute gives cities the authority
to shorten the hours of sale of beer as fixed by State law.
The statute further gives cities the authority to prohibit
the sale of beer in a particular area. Moore v. McCarver,
240 S.W.2d 443 (Tex.Civ.App. 1951).

State law prohibits the sale of beer on Sunday
at any time between the hours of 1:00 o'clock A. M. and
1:00 o'clock P.M., and on any day except Sunday at any time
prior to 7:00 o'clock A.M. Article 667-10, V.P.C. The
punishment prescribed by State law for selling beer with-
in the prohibited hours is a fine of not less than $100.00
and not more than $1,000.00, or by imprisonment in the
county jail for not more than one year, or by both such
fine and imprisonment. Article 667-26, V.P.C.

Honorable William D. Pratt, page 3 (C-754)

A city ordinance that prescribes a different and lesser punishment than that fixed by the State law for the same unlawful act is void. Ex parte Watson, 225 S.W.2d 850 (Tex.Crim. 1949).

The Court of Criminal Appeals, in Young v. State, 267 S.W.2d 423 (Tex.Crim. 1954), declared a city ordinance of the City of McGregor, which was very similar to the ordinance before us, void because it attempted to provide a lesser punishment than provided by State law for selling beer on Sunday between the hours of 1:00 o'clock A.M. and 1:00 o'clock P.M. and on Monday prior to 7:00 o'clock A.M. The Court recognized the right and authority of the City to prohibit by ordinance the sale of beer on Sunday from 1:00 o'clock P.M. to midnight on Sunday, but struck down the entire ordinance because it included hours on Sunday and Monday that were prohibited by State law with a greater penalty than provided in the ordinance.

The Young case, supra, is squarely in point with the question before us, and therefore the Mineral Wells Ordinance submitted to us is void for the reasons set forth in such case.

## SUMMARY

A city ordinance that prescribes a different and lesser punishment for selling beer during prohibited hours than that fixed by Article 667-10, V. P.C., for the same unlawful act is void.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: DOUGLAS H. CHILTON
Assistant Attorney General

DHC/br

APPROVED:

OPINION COMMITTEE

Honorable William D. Pratt, page 4 (C-754)


W. O. Shultz, Chairman
Lonny Zwiener
Charles Swanner
Malcolm Quick
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright