

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 24, 1977

.ionorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas 75202

Opinion No. H-1076

Re: Use of six-person juries
in civil cases in county
courts at law when the amount
in controversy exceeds $1,000.00.

Dear Mr. Wade:

You have requested our opinion whether civil cases in county courts at law may be tried before a jury of six persons when the amount in controversy exceeds $1,000.00.

In Jordan v. Crudgington, 231 S.W.2d 641 (Tex. 1950), the court held unconstitutional a statute which provided for six-person juries in a court of domestic relations. The court stated that article 1, section 15 of the Texas Constitution, which provides the right to trial by jury, contemplates a twelve-person jury, and that in the absence of a constitutional provision

> expressly prescribing the number of jurors in a court established by the Legislature under the authority of the amendment of 1891 [Tex. Const. art. 5, § 1] . . . the constitutional provision preserving the right of trial by jury requires that juries in courts of record . . . be composed of twelve men.

Id. at 646. The court also noted that the only constitutional provisions dealing with the number of jurors were article 5, sections 13 and 17, which provide for juries of twelve in district courts and six in county courts, respectively.

In Ex Parte Melton, 279 S.W.2d 362 (Tex. Crim. App. 1955), the court upheld a conviction in the Hidalgo County Court at Law before a jury of six persons, stating:

> An examination of the Act reveals that no jurisdiction has been conferred on the court created which is not exercised by county

p. 4407

> courts generally under the Constitution and
> laws of this State.
>
> From these provisions, we conclude that the
> Legislature, by the passage of the Hidalgo
> County act, intended to and did create a
> county court to be known as the County Court
> at Law, in which trials should be had to a
> jury of six rather than twelve in accor-
> dance with the terms of Article V, Section 29,
> of the Constitution, and that the Jordan case
> is not here controlling.

Id. at 364.

Dallas County Courts at Law have been created by articles
1970-1 to 1970-31.1, V.T.C.S., "under the authority of the amend-
ment of 1891" [to article 5, section 1 of the Texas Constitution].
Jordan v. Crudgington, supra at 646. Their jurisdiction is not
coextensive with that of constitutional county courts. V.T.C.S.
art. 1970a; Regian v. Sowell, 534 S.W.2d 175 (Tex. Civ. App. --
Waco 1976, writ ref'd n.r.e.). Consequently, the Melton court's
distinction of Jordan v. Crudgington appears not to be applica-
ble; in our view the court's opinion in Jordan would probably be
held to be the controlling Texas law.

We note, however, that the Jordan court's construction of
article 1, section 15 of the Texas Constitution was based on a
"general agreement" among the authorities on the meaning of the
term "jury." Since that time several courts, including the
United States Supreme Court, have found juries of less than
twelve persons to be constitutionally permissible. Colgrove v.
Battin, 413 U.S. 149 (1973); Williams v. Florida, 399 U.S. 78
(1970); Pitcher v. Lakes Amusement Co., 236 N.W.2d 333 (Iowa
1975); In re P.L. No. 305 and P.L. No. 309 of the Indiana Acts
of 1975, 334 N.E.2d 659 (Ind. 1975); Opinion of the Justices, 271
N.E.2d 335 (Mass. 1971) (all of which were decided after Williams
and found state constitutional requirements to permit juries of
less than twelve persons). Contra People v. Collins, 552 P.2d
742 (Cal. 1976); Gilbreath v. Wallace, 292 So.2d 651 (Ala. 1974);
Advisory Opinion to Senate, 278 A.2d 852 (R.I. 1971) (all of
which were decided after Williams and found state constitutions
required juries of twelve persons). See generally Statute
Reducing Number of Jurors as Violative of Right to Trial by Jury,
Annot., 47 A.L.R. 3d 895 (1973); Supreme Court's Construction of
Seventh Amendments's Guaranty of Right to Trial by Jury, Annot.,
40 L.Ed. 2d 846 (1975). While Jordan appears to be the control-
ling Texas law, we caution that the major changes in the law of

the federal government and of other states since the time that case was decided suggest that it is possible that the Texas Supreme Court may reexamine Jordan if the issue is presented to it.

### S U M M A R Y

While Jordan v. Crudgington remains unaltered, juries of twelve persons appear to be required in the Dallas County Courts at Law. We caution, however, that major changes in the law of the federal government and of other states since the time of Jordan suggest the possibility that the Texas Supreme Court may reexamine Jordan if the issue is presented to it.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst