Honorable Henry Wade District Attorney Dallas County Government Center Dallas, Texas 75202
Re: Use of six-person juries in civil cases in county courts at law when the amount in controversy exceeds $1,000.00.
Dear Mr. Wade:
You have requested our opinion whether civil cases in county courts at law may be tried before a jury of six persons when the amount in controversy exceeds $1,000.00.
In Jordan v. Crudgington, 231 S.W.2d 641 (Tex. 1950), the court held unconstitutional a statute which provided for sixperson juries in a court of domestic relations. The court stated that article 1, section 15 of the Texas Constitution, which provides the right to trial by jury, contemplates a twelve-person jury, and that in the absence of a constitutional provision
 expressly prescribing the number of jurors in a court established by the Legislature under the authority of the amendment of 1891 [Tex. Const. art. 5, § 1] . . . the constitutional provision preserving the right of trial by jury requires that juries in courts of record . . . be composed of twelve men.
Id. at 646. The court also noted that the only constitutional provisions dealing with the number of jurors were article 5, sections 13 and 17, which provide for juries of twelve in district courts and six in county courts, respectively.
In Ex Parte Melton, 279 S.W.2d 362 (Tex.Crim.App. 1955), the court upheld a conviction in the Hidalgo County Court at Law before a jury of six persons, stating:
 An examination of the Act reveals that no jurisdiction has been conferred on the court created which is not exercised by county courts generally under the Constitution and laws of this State.
 From these provisions, we conclude that the Legislature, by the passage of the Hidalgo County act, intended to and did create a county court to be known as the County Court at Law, in which trials should be had to a jury of six rather than twelve in accordance with the terms of Article V, Section 29, of the Constitution, and that the Jordan case is not here controlling.
Id. at 364.
Dallas County Courts at Law have been created by articles 1970-1 to 1970-31.1, V.T.C.S., `under the authority of the amendment of 1891' [to article 5, section 1 of the Texas Constitution]. Jordan v. Crudgington, supra at 646. Their jurisdiction is not coextensive with that of constitutional county courts. V.T.C.S. art. 1970a; Regian v. Sowell, 534 S.W.2d 175 (Tex.Civ.App.-Waco Waco 1976, writ ref'd n.r.e.). Consequently, the Melton court's distinction of Jordan v. Crudgington appears not to be applicable; in our view the court's opinion in Jordan would probably be held to be the controlling Texas law.
We note, however, that the Jordan court's construction of article 1, section 15 of the Texas Constitution was based on a `general agreement' among the authorities on the meaning of the term `jury.' Since that time several courts, including the United States Supreme Court, have found juries of less than twelve persons to be constitutionally permissible. Colgrove v. Battin,413 U.S. 149 (1973); Williams v. Florida, 399 U.S. 78 (1970); Pitcher v. Lakes Amusement Co., 236 N.W.2d 333 (Iowa 1975); In re P.L. No. 305 and P.L. No. 309 of the Indiana Acts of 1975,334 N.E.2d 659 (Ind. 1975); Opinion of the Justices, 271 N.E.2d 335
(Mass. 1971) (all of which were decided after Williams and found state constitutional requirements to permit juries of less than twelve persons). Contra People v. Collins, 552 P.2d 742 (Cal. 1976); Gilbreath v. Wallace, 292 So.2d 651 (Ala. 1974); Advisory Opinion to Senate, 278 A.2d 852 (R.I. 1971) (all of which were decided after Williams and found state constitutions required juries of twelve persons). See generally Statute Reducing Number of Jurors as Violative of Right to Trial by Jury, Annot., 47 A.L.R.3d 895 (1973); Supreme Court's Construction of Seventh Amendments's Guaranty of Right to Trial by Jury, Annot.,40 L.Ed.2d 846 (1975). While Jordan appears to be the controlling Texas law, we caution that the major changes in the law of the federal government and of other states since the time that case was decided suggest that it is possible that the Texas Supreme Court may reexamine Jordan if the issue is presented to it.
 SUMMARY
While Jordan v. Crudgington remains unaltered, juries of twelve persons appear to be required in the Dallas County Courts at Law. We caution, however, that major changes in the law of the federal government and of other states since the time of Jordan suggest the possibility that the Texas Supreme Court may reexamine Jordan if the issue is presented to it.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee