

# The Attorney General of Texas

February 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Wilson E. Speir
Director of Public Safety
P. O. Box 4087
Austin, Texas 78773

Opinion No. H-1128

Re: Whether a court is required to report certain convictions to the Department of Public Safety where probation is granted.

Dear Mr. Speir:

You ask whether a judge may grant probation to a defendant convicted of a traffic offense punishable by fine only. Article 4, section 11A of the Texas Constitution provides for probation of convicted defendants under conditions prescribed by the Legislature. This section of the constitution is not self-enacting, Burson v. State, 511 S.W.2d 948 (Tex. Crim. App. 1974); State v. Klein, 224 S.W.2d 250 (Tex. Crim. App. 1949), and article 42.13 of the Code of Criminal Procedure is the enabling act for misdemeanor probation. Lee v. State, 516 S.W.2d 151 (Tex. Crim. App. 1974); see also Attorney General Opinion C-492 (1965).

The court has authority under certain circumstances to grant probation to a defendant found guilty of a misdemeanor "wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200." Code Crim. Proc. art. 42.13, § 3(a). Probation may not be granted under article 42.13 for offenses where the maximum punishment is a fine of two hundred dollars or less. See Attorney General Opinion C-515 (1965). If a traffic offense is punishable only by a fine of two hundred dollars or less, see, e.g., V.T.C.S. art. 6701d, § 143(b), probation is not available to a defendant found guilty of it. We note also that justices of the peace have jurisdiction in criminal cases only where the fine does not exceed two hundred dollars and thus do not have occasion to grant probation under article 42.13. See Code Crim. Proc. art. 4.11; Ex parte Morris, 325 S.W.2d 386 (Tex. Crim. App. 1959). The jurisdiction of corporation courts is similarly limited. Code Crim. Proc. art. 4.14; Ex parte Seals, 255 S.W.2d 215 (Tex. Crim. App. 1952). When a defendant is found guilty of a traffic offense punishable by a fine in excess of two hundred dollars, see, e.g., art. 6701d, §§ 159, 162, he may seek probation under article 42.13.

You next inquire about the application of article 6687b, section 25(b) in cases where the defendant receives probation. Section 25(b) provides in part:

> Every court having jurisdiction over offenses committed under this Act, or any other Acts of this State regulating the operation of motor vehicles on highways, shall forward to the Department a record of the conviction of any person in said court for a violation of any said laws . . . .

Section 25(c) defines "conviction" as a final conviction. Section 4(a) of the Misdemeanor Probation Law provides as follows:

> Sec. 4. (a) When a defendant is granted probation under the terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article.

> (b)  The court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court. The court shall also note the period and terms of the probation, and the details of the judgment. The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Article.

(Emphasis added). Since the probated judgment is not a final conviction, the court is not required by article 6687b, section 25(b) to forward it to the Department of Public Safety. Attorney General Opinions M-673 (1970); M-498 (1969); C-515 (1965); compare Attorney General Opinion M-1057 (1972) (felony conviction may become final despite probation under article 42.12). See also Standifer v. Texas Department of Public Safety, 463 S.W.2d 38 (Tex. Civ. App. — Houston [14th Dist.] 1971, no writ). However, the Misdemeanor Probation Act itself requires that a copy of each probationer's fingerprints be sent to the Department, and that the Department keep a record of misdemeanor arrests and their disposition. Code Crim. Proc. art. 42.13, S 5(b).

You also inquire about the validity of a judicial order granting probation which you submitted to us. Since we do not review judgments of the trial courts of this State, we decline to answer this question. See Attorney General Opinion H-905 (1976).

## SUMMARY

Misdemeanor probation under article 42.13 of the Code of Criminal Procedure is not available to defendants convicted of an offense with a maximum punishment of a fine not to

exceed two hundred dollars.   When a defendant receives probation under article 42.13, his conviction is not final.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst