## CARL GALLOWAY v. THE STATE.

No. 16063.   Delivered November 1, 1933.
Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 89.

The opinion states the case.

*Goodhue Weatherly,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted in the county court of Jim Wells County for violating the game law, and his punishment assessed at a fine of $50.00.

The appellant was charged by an information that on or about the 1st day of July, 1932, in the county of Jim Wells and State of Texas, he, with others, did then and there unlawfully hunt wild deer by the aid of an artificial light, to-wit, by the aid of a flashlight and spotlight, against the peace and dignity of the state.

By bill of exception No. 1 the appellant complains of the action of the trial court in declining to sustain his motion to dismiss the case because the court has not jurisdiction inasmuch as a conviction of said offense carries with it a forfeiture of his right to hunt for a period of 12 months and because it is an infringement of his constitutional right to bear arms. Article 893 of the Penal Code provides as follows: "Any person convicted of violating any provision of the game laws of this state shall thereby automatically forfeit his license for said season. Any such person so convicted of violating the game laws shall not be entitled to receive from the state a license to hunt for one year immediately following the date of his conviction; and

it shall be unlawful for any person who is convicted of violating any of the provisions of the game laws of this state to purchase or possess a hunting license for a period of one year immediately following the date of such conviction; and it shall also be unlawful for any person convicted of violating any of the game laws of this state to hunt with a gun in this state for a period of one year immediately following date of such conviction.

"Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than one hundred ($100.00) dollars, nor more than two hundred ($200.00) dollars."

The statute does not confer upon the court the authority to forfeit defendant's right to hunt. The right to hunt was automatically forfeited by a violation of the law and a conviction of defendant under said law. Now, does the law infringe the defendant's constitutional right to bear arms? Although the defendant may be convicted of violating the game laws he would still have his constitutional right to bear such arms as are not prohibited by the statute provided he did not employ said arms to engage in hunting.

By bills of exception Nos. 2 and 3 appellant complains of the action of the trial court in permitting the state to prove by the witness Trammel that he went out the next morning to where the appellant shot at a deer and found lots of deer tracks, to which appellant objected for the reason that it was too remote. We do not believe the objection is well taken and therefore overrule same.

By bill of exception No. 4 appellant complains of the action of the trial court in refusing to instruct a verdict for the defendant. We do not believe the court committed any error in this respect inasmuch as there was sufficient evidence to warrant a conviction.

The disposition we have made of bill of exception No. 1 necessarily disposes of bill of exception No. 5. Bills of exception Nos. 6, 7, and 8 are without merit and are overruled.

By bill of exception No. 9 appellant complains of the action of the trial court in permitting the county attorney to propound the following question to the state's witness, Phillip Trammel, to-wit: "Have you been in the habit of making unfounded charges that you could not back up with evidence?", to which the defendant objected for the following reasons, to-wit: "Because the question is leading and suggestive of the desired answer to such question and that said question calls for a self-serving declaration of said witness," which objections were by the court overruled and the witness answered, "No." We do not

believe the question and answer was subject to the objections leveled against the same.

By bill of exception No. 10 appellant complains of improper conduct on the part of the jury in receiving other evidence other than that introduced upon the trial and submitted to them under the ruling of the court. The trial court heard evidence upon the motion for new trial as to the matters complained of and qualified said bill of exception in the following manner: "The juror Balzer on being examined by the court stated that after hearing all the evidence from the witnesses, the argument of attorneys, and reading of the court's charge, they believed the defendant was guilty as charged." From the bill of exception it seems that the appellant complained that the jury in their deliberation discussed whether an animal's eyes could be seen by a person with the aid of an artificial light at night; that one of the jurors said that he had so seen an animal's eyes at night, and that the juror Balzer stated that he wondered why the other two men (meaning Burdett and Borman) were not called by the defendant as witnesses in the trial of said cause, whereupon another juror, Mr. Gladney, warned said jury not to consider the same in arriving at the verdict. We do not believe the matters complained of was other and additional evidence but was merely the discussion of the evidence introduced upon the trial. The fact that appellant was charged with using an artificial light to hunt with and the fact that the testimony showed that he used an artificial light would naturally cause the jury to discuss the question of whether an animal's eyes could be seen by the use of an artificial light. The question raised by Mr. Balzer as to why the other parties with the appellant at the time he was alleged to have committed the offense were not called by the defendant to testify was not considered by the jury in reaching their verdict inasmuch as the foreman of the jury, when the matter was spoken of by the juror Balzer, instructed the jury that they could not take such matter into consideration in arriving at their verdict. We do not believe that under the circumstances the court erred in refusing to set aside the verdict of the jury.

By bill of exception No. 11 appellant complains of the action of the trial court in not giving him sufficient time to examine the court's main charge and present his objections thereto and thereby the court infringed upon his legal rights, but the court's qualification to said bill of exception is as follows: "All the evidence in the cause was completed about 4:30 P. M., September 27, 1933. The jury was excused until 10 A. M., September 28, 1933. Meanwhile the court prepared its charge and

on the 28th day of September at 9 A. M. the court gave defendant's counsel the charge. The counsel had said charge until he voluntarily returned same to the court and at no time did he indicate that he had any objection." We believe that with the court's qualification to said bill it shows no reversible error.

The appellant for the first time in his amended motion for new trial attacks the sufficiency of the complaint and the information in this that the complaint and information do not charge the defendant with hunting with an artificial light in the nighttime. This necessarily requires a construction of article 902 of the Penal Code of the state, which article reads as follows: "It shall be unlawful for any person at any time of the year to hunt deer or any other animal or bird protected by this chapter, by the aid of what is commonly known as a headlight or hunting-lamp, or by artificial light attached to an automobile, or by the means of any form of artificial light. Any person violating any of the provisions of this article shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum of not less than fifty ($50.00) dollars nor more than two hundred ($200.00) dollars, or by confinement in the county jail for not less than thirty (30) days nor more than ninety (90) days, or by both such fine and imprisonment. The possession of a headlight, or any other hunting light used on or about the head when hunting at night, between sunset and one-half hour before sunrise, by any person hunting in a community where deer are known to range, shall be prima facie evidence that the person found in possession of said headlight, or other hunting light, is violating the provisions of this article."

Article 887 of the Penal Code provides as follows: "It shall be unlawful to kill, hunt or shoot at any wild bird, wild game bird, wild fowl, or wild game animal protected by this chapter at any season of the year, between one-half hour after sunset and one-half hour before sunrise in any county in this state. Any person violating any provision of this chapter shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than twenty-five ($25.00) dollars, nor more than one hundred ($100.00) dollars, and each bird or animal so killed shall constitute a separate offense."

It will be observed that article 887 prohibits hunting between one-half hour after sunset and one-half hour before sunrise, and article 902 prohibits the hunting at any time of the year by the aid of what is commonly known as a headlight or hunting lamp or by artificial light attached to an automobile or by means of any form of artificial light. It seems that the gist of the offense under article 902 is not the time of hunting but in the

means employed because article 887 prohibits the hunting at any time between one-half hour after sunset and one-half hour before sunrise, while article 902 prohibits the hunting with an artificial light. Manifestly the intention of the legislature was to prevent the hunting by means of artificial light at any time because article 887 prevents the hunting at nighttime, that is, between one-half hour after sunset and one-half hour before sunrise. Hence we conclude that it was not necessary to allege in the complaint or information that defendant was hunting deer at nighttime by the use of an artificial light.

The appellant also complains that the evidence is wholly insufficient to warrant the conviction. We have carefully reviewed the statement of facts and conclude that the evidence was such as to justify the jury finding the defendant guilty as charged.

Finding no error that would justify a reversal of this cause, it is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed a motion for rehearing evidencing much research and care on the part of his counsel, but we find ourselves unable to agree with the propositions advanced. It appears to be conceded in the motion that the offense of appellant, if any, was a misdemeanor.

The jurisdictions of the state courts of Texas are defined in various sections of our Constitution. Original jurisdiction of felony cases is alone in district courts. See section 8, article 5 of our Constitution, which by express provision also confers on such courts original jurisdiction of misdemeanors involving official misconduct, but makes no mention of jurisdiction over any other misdemeanor cases than those involved in said exception. Section 16, article 5, of the Constitution confers original jurisdiction of all misdemeanor cases of which justice courts are not by law given exclusive jurisdiction, and whose fines may exceed two hundred dollars,—upon county courts. This constitutional provision is also embodied in article 56, C. C. P. Section 17 of said article of the Constitution states that prosecutions in county courts may be begun by affidavit or information, as may be provided by law. Articles 413, 414 and 415, C. C. P., by enactment of our Legislature provide for pro-

cedure for beginning prosecutions in the county courts by affidavit and information, as was done in the case before us.

We have again reviewed the record in the light of appellant's motion, and his renewed insistence that the forfeiture of his hunting license and the consequent deprivation of his right to get a new license, or to hunt without one, would necessarily be part of and involved in the punishment inflicted, pursuant to conviction herein, and that as a result of such fact, it would be necessary that he be proceeded against by indictment,—which he claims to be a logical inference from the terms of section 10, article 1, of our Constitution. We can not agree that the plain provisions of the Constitution above set out, relative to procedure in cases of prosecution in county courts, can be overridden by what at most is but a somewhat intangible inference arising from the language of said section 10, supra. While the trial court in this case, for reasons best known to himself, saw fit to incorporate in his judgment a statement that the right of the defendant to hunt with a gun in this state, be and the same is hereby forfeited for one year from this date,—we observe that no such issue was submitted in the charge to the jury, nor passed upon by the verdict of the jury, and in our opinion such statement in the judgment was clearly ultra vires and of no effect, and we so hold, and reform the judgment accordingly. Article 893, P. C., specifically provides that a conviction for violating any of the game laws of this state *automatically* forfeits the license of such party for such hunting season, and forbids that such party shall get from the state any license to hunt for one year next following the date of such conviction. It follows that the license of appellant to hunt was, or is forfeited by final conviction herein, and no need exists for the attempted insertion, as a part of the judgment herein, of any declaration that appellant's license is hereby declared void or his right to hunt forfeited. We note that said article 893 specifically penalizes him who has been so convicted, who within said year thereafter purchases or is found in possession of a hunting license issued by the state, or who hunts with a gun in this state within such year,—it being apparent that such provision has reference to a new and different offense from the one here charged against appellant, and for which he has been convicted.

Being unable to agree with appellant's contention, his motion for rehearing will be overruled.

*Overruled.*