

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable P.W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Dear Sir:

Opinion No. 0-4318
Re: Would a person convicted under Article
480a, Vernon's Annotated Penal Code,
thereby forfeit his hunting license
and hunting rights under Article 893,
Penal Code?

     This is in response to your request for our opinion answering the above question. You say you have a case pending wherein the question will be raised and you seek our advice as to whether conviction of violation of Article 480a, Vernon's Annotated Penal Code would result in forfeiture of hunting licenses as authorized and required by Article 893 of the Penal Code of this State.

     The last official revision of the Penal Code of Texas was effective on September 1, 1925. It contained Article 893 as a part of Title 13, "Offenses Against Public Property" and was incorporated in Chapter 6 of said title, "Game, Fish and Oysters". Said Article 893 reads as follows:

     "Any person convicted of violating any provision of the game laws of this State shall thereby automatically forfeit his license for said season. Any such person so convicted of violating the game laws shall not be entitled to receive from the State a license to hunt for one year immediately following the date of his conviction; and it shall be unlawful for any person who is convicted of violating any of the provisions of the game laws of this State to purchase or possess a hunting license for a period of one year immediately following date of such conviction; and it shall also be unlawful for any person convicted of violating any of the game laws of this State to hunt with a gun in this State for a period of one year immediately following date of such conviction.

     "Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than one hundred ($100.00) dollars, nor more than two hundred ($200.00) dollars."

     Our investigation does not disclose that the above article has been amended in any manner since the codification of the statutes referred to above.

Vernon's Annotated Penal Code, Article 480a, was passed by the Legislature subsequent to the adoption of the 1925 Penal Code. It was enacted by the Forty-first Legislature at its Second Called Session, and is officially printed as Chapter 3, page 4 of the General Laws of the Forty-first Legislature, Second and Third Called Sessions, 1929. As the same is relatively short, we quote in full:

"An Act prohibiting the shooting or discharging of any gun, pistol or firearm of any kind in or along or across any public road in this State; and prescribing a penalty therefor.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. Any person who shoots or discharges any gun, pistol or firearm in, on, along or across any public road in this State shall be fined not more than One Hundred Dollars.

"SEC. 2. The fact that many persons are now discharging firearms along and across public roads in this State, thereby endangering the lives and safety of persons rightfully on said roads creates an emergency requiring that the Constitutional Rule requiring a bill to be read on three seperate days be suspended and said Rule is hereby suspended and that this Act take effect immediately, and it is so enacted."

In the case of Galloway v. State, 125 Tex. Cr. R. 524, 69 S.W. (2d) 89, there is a discussion of the effect and application of Article 893, Penal Code. I is pointed out in the opinion of the Court of Criminal Appeals that a violation of any of the game laws of this State automatically forfeits the license of the guilty party; that such forfeiture has no place in the judgment of conviction for the offense of violating the game laws.

We find nothing in any portion of Vernon's Penal Code, Article 480a, nor in the official Acts of the Forty-first Legislature, supra, to indicate that the Legislature intended such act to be denominated as a "provision of the game laws of this State". It is obvious that many persons might shoot or discharge guns, pistols or other firearms "in, on, along and across" public roads in this state without any of them being in pursuit of game.

It is our opinion that mere conviction for shooting a gun across a public road in violation of Vernon's Penal Code, Article 480a (Acts Forty-first Leg., supra), would not bring about a forfeiture of the hunting license of the defendant; that such offense is not a violation of the game laws, and therefore Article 893, Penal Code, has no application.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Benjamin Woodall
      Benjamin Woodall
      Assistant

BW:mp:wc

APPROVED JAN 21, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY s/BWB CHAIRMAN