EX PARTE A. J. MORRIS.

No. 30,818. June 24, 1959.

J. C. Zbranek, Liberty, for petitioner.

Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant, charged by complaint filed in justice court, was found guilty of the offense defined by Art. 1377 V.A.P.C., com-

monly known as Trespassing. He appealed to the county court where a jury trial resulted in a conviction with fine assessed at $25.

An attempted appeal from his conviction was dismissed by this court in Morris v. State, 167 Texas Cr. Rep. 384, 320 S.W. 2d 682.

Being in custody under capias pro fine to satisfy the county court judgment, appellant sought discharge alleging as he did in the attempted appeal that the justice court was without jurisdiction to try the prosecution, and the county court acquired none by the appeal.

This appeal is from an order entered after hearing denying the relief sought.

It is well settled that unless the justice court had jurisdiction to try the case, the county court was without jurisdiction to try it de novo on appeal. This is especially true where, as here, no information was filed in county court.

The punishment provided in Art. 1377 V.A.P.C. for a first offense is "a fine not more than Two Hundred Dollars ($200) and by forfeiture of his hunting license and right to hunt in the State of Texas for a period of one (1) year from the date of his conviction."

The sole question presented is whether a justice of the peace has jurisdiction to try a prosecution under Art. 1377, V.A.P.C. which provides such punishment.

Justices of the peace or justice courts are provided for in the Constitution of Texas. Art. V, Sec. 19, of the Constitution as adopted in 1876 remains unchanged, and reads:

"Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or *fine to be imposed by law may not be more than for two hundred dollars* * * * and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law."

A statute enacted in 1876 relating to the jurisdiction of justices of the peace and not materially changed until the 1925 codification, provided:

"Justices of the peace shall have and exercise original concurrent jurisdiction with other courts in all cases arising under the criminal laws of this State in which the punishment *is by fine only,* and where the maximum of such fine may not exceed two hundred dollars."

Art. 106 C.C.P. (1911); Art. 96 C.C.P. (1895); Art. 76 C.C.P. (1879).

The 1925 Codification of the Code of Criminal Procedure changed this statutory provision so as to read: (Art. 60 V.A.C.C.P.)

"Justices of the peace shall have jurisdiction in criminal cases where the *fine to be imposed by law may not exceed two hundred dollars."*

We have no difficulty in arriving at the conclusion that the provision of Art. 1377 V.A.P.C. for the forfeiture of hunting license and of the right to hunt is not a pecuniary fine or a part of a fine. Both counsel for the appellant and the county attorney cite the case of State v. Price, 124 La. 917, 50 So. 794, Supreme Court of Louisiana, which suports this holding.

As amended in 1949, Art. 1377 V.A.P.C. provides that all fines collected under its provisions assessed on the arrest of any state game warden shall be paid into the Special Game Fund of the State of Texas. The amended article also provides that any person found upon the enclosed land of another in violation of the statute shall be subject to arrest by any peace officer or any game warden without a warrant.

Since the amendment of Article 1377 V.A.P.C., in 1949, its enforcement has become a part of the duties of the Texas Game and Fish Commission. The provision for forfeiture of license must then be construed in connection with Art. 893 V.A.P.C., which as amended in 1953, provides in Section 1:

"Any person charged in any court in this State with an offense of violating any law which it is the duty of the Game and Fish Commission to enforce shall have the right to have the court or jury before which said person is tried either to forfeit the license of said person so charged or to restore said license to said person so charged for the remainder of the license period. The court shall so state in its judgment whether or not the license of said person is revoked or whether or not said person shall retain same."

In construing a prior statute this court held the license to be automatically forfeited by the final conviction; that the statute did not confer upon the court the authority to forfeit the defendant's right to hunt, and that the inclusion of such provision in the judgment was of no effect. Galloway v. State, 125 Texas Cr. Rep. 524, 69 S.W. 2d 89.

It is apparent that the amended Article 893 V.A.P.C. precludes such a holding. It specifically provides that the forfeiture of the hunting license of the defendant is for the court or jury and must be provided for in the judgment.

Under the wording of the present statute, jurisdiction of the justice of the peace rests solely on the fine to be imposed by law not exceeding $200.

Strictly interpreting such provision, it could be said that so long as the fine which might be imposed did not exceed $200, justices of the peace have jurisdiction to try a prosecution under a statute which, in addition to a fine, imposes an additional penalty such as forfeiture of privileges and rights, or imprisonment in jail.

In this connection, we note that in defining the jurisdiction of corporation courts Art. 62 V.A.C.C.P. retains the language "in which punishment is by fine only."

We reaffirm the holdings of this court and its predecessors that justices of the peace are without jurisdiction to try a prosecution under a criminal statute authorizing a punishment by imprisonment in jail. Tuttle v. State, 1 Texas App. 364; Uecker v. State, 4 Texas App. 234; Jacobs v. State, 35 Texas Cr. Rep. 410, 34 S.W. 110; Ex parte McGrew, 40 Texas 472; State v. Newhous, 41 Texas 185.

We apply the same rule to forfeiture of the license of the defendant to hunt and of his right to hunt in this state for one year upon a finding by the court or jury, incorporated in the judgment, and hold that the justice court is without jurisdiction to try a prosecution under Art. 1377 P.C., the punishment provided in the statute for its violation not being limited to a fine of $200.

The jurisdiction of the county court not having been invoked by the appeal or by the filing of an information supported by a complaint in that court, the judgment of conviction is void

and appellant is entitled to be discharged from confinement under the capias pro fine.

The judgment is reversed and appellant is ordered discharged.