

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 13, 1963

Hon. H. D. Dodgen
Executive Secretary
Game and Fish Commission
Austin, Texas

OPINION No. C-36

Re: Whether, in hunting and
fishing violations under
circumstances which do not
require the possession of a
license, charges must be
filed in courts other than
the justice courts.

Dear Mr. Dodgen:

You have requested our opinion on the following question:

"In hunting or fishing violations under circumstances which do not require possession of a license, must charges be filed in other than justice courts?"

Section 1, of Article 893, Vernon's Penal Code, provides:

"Any person charged in any court in this State with an offense of violating any law which it is the duty of the Game and Fish Commission to enforce shall have the right to have the court or jury before which said person is tried either to forfeit the license of said person so charged or to restore said license to said person so charged for the remainder of the license period. The court shall so state in its judgment whether or not the license of said person is revoked or whether or not said person shall retain same."

It is clear from the above quoted provision that a license is subject to be forfeited by the court whenever a person is charged with a violation of "any law which it is the duty of the Game and Fish Commission to enforce", if the person so charged possesses a license, irrespective of whether the hunting or fishing violations were under circumstances which do not require possession of a license. It is elementary that the court cannot forfeit a non-existant license.

It has long been established that even though the permissible fine does not exceed Two Hundred ($200.00) Dollars, jurisdiction of the justice of the peace would not exist where an alternative or cumulative form of penalty could be imposed.

In Tuttle v. State, 1 Tex. App. 364, Judge White said:

"Imprisonment in the county jail cannot be estimated in dollars, nor can it be considered in any manner a pecuniary fine. It follows, therefore, . . . that whenever, in misdemeanors, imprisonment may be assessed as an alternative, or part of the fine to be imposed, justice courts have no jurisdiction . . ."

It is well established that a justice court does not have jurisdiction where the punishment may include a forfeiture of hunting or fishing license, Ex Parte A. J. Morris, 325 S.W.2d 386 (Tex.Crim.,1959), and Ex Parte Roy Howard, 347 S.W.2d 721 (Tex.Crim.,1961).

Attorney General's Opinion C-5, (1963), a copy of which is enclosed, held that the justice courts do not have jurisdiction to try those persons charged with violations wherein Section 1, of Article 893, Texas Penal Code, applies, because that section makes forfeiture of the license an additional permissible punishment to be included in the judgment.

You are therefore advised that in every case of a violation of "any law" which it is the duty of the Game and Fish Commission to enforce, if the person charged possesses a hunting or fishing license, same may be forfeited. In such cases the justice courts do not have jurisdiction to try same, but the county court would have jurisdiction. If the person so charged does not possess a hunting or fishing license, the justice courts have jurisdiction to try same in all cases where the punishment is by fine not exceeding Two Hundred ($200.00) Dollars.

SUMMARY

In every case of a violation of "any law" which it is the duty of the Game and Fish Commission to enforce, if the person charged possesses a hunting or fishing license, same may be forfeited. In such cases the justice courts do not have juris-

diction to try same, but the county court would have jurisdiction. If the person so charged does not possess a hunting or fishing license, the justice courts have jurisdiction to try same in all cases where the punishment provided is by fine not exceeding Two Hundred ($200.00) Dollars.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By

Gilbert J. Pena
Assistant Attorney General

GJP:hd

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Murray Jordan
Scott Garrison
Samuel Strong Pharr
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL
By: Stanton Stone

APPROVED:

Waggoner Carr