

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 24, 1963

Hon. Bill Hollowell
Chairman
House General Investigating
Committee
Capitol Station
Austin, Texas

Opinion No. C- 5

Re: Whether, under the provis-
ions of Article 893 of
Vernon's Penal Code,
Justice Courts have juris-
diction to try persons
charged with violations
of Texas Game and Fish
Laws and related question.

Dear Sir:

We have received and carefully considered your request for an opinion upon the following questions:

1. "Under Article 893 of the Penal Code and under the Constitution of Texas, the committee would like to know if Justice Courts in Texas have jurisdiction to try those charged with violation of Texas Fish and Game Laws."

2. "Under Article 893 mentioned above is it mandatory that the court or jury decide whether to forfeit or restore a license when a case is disposed of by them."

Section 1 of Article 893, Vernon's Penal Code, provides:

"Any person charged in any court in this State with an offense of violating any law which it is the duty of the Game and Fish Commission to enforce shall have the right to have the court or jury before which said person is tried either <u>to for-feit</u> the license of said person so charged <u>or to restore</u> said license to said person so charged for the remainder of the license period. <u>The court shall so state in its judgment whether or not the license of said person is revoked or whether or not said person shall retain same.</u>" (Emphasis added)

-14-

In Ex parte A. J. Morris, 325 S.W.2d 386 (Tex. Crim. 1959) the Court held that the Justice  Court was with- out jurisdiction to try a person under a statute, making it unlawful to enter the inclosed land to hunt or fish, which provided as the maximum punishment a fine of not more than $200 and forfeiture of hunting license and right to hunt for one year, because punishment under the statute was not limited to a fine of $200.00.

Article V. Section 19 of the Constitution of Texas, reads as follows:

> "Justices of the Peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars . . . " .   (Emphasis added)

Article 60 of Vernon's Code of Criminal Procedure provides that Justices of the Peace shall have jurisdiction in criminal cases where "the fine to be imposed by law may not exceed two hundred dollars." Under the wording of the Constitution and statute, jurisdiction of the justice of the peace rests solely on the fine to be imposed by law not exceeding $200.00.

It should be noted that in defining the jurisdiction of corporation courts and concurrent jurisdiction of justices of the peace, Article 62, Vernon's Code of Criminal Procedure, provides, ". . . in which punishment is be fine only, and where the maximum of such fine may not exceed two hundred dollars. . ."

In Ex parte Roy Howard,  347 S.W.2d 721 (Tex. Crim. 1961) held where the punishment for the violation of the statute the defendant was charged with violating (Article 910 Vernon's Penal Code) was by a fine of not less than $50.00 nor more than $200.00 and the forfeiture of hunting license, that the justice court had no jurisdiction.

The Court went on to say:

> "Article 5, Section 19 of the Texas Constitution, Vernon's Annotated Statutes, limits the criminal jurisdiction of the Justice Courts to offenses where the punishment which may be assessed is by a fine only, not to exceed $200."

In answer to your first question, it is our opinion that the Justice Courts do not have jurisdiction to try those persons charged with violating any law which it is the duty of the Game and Fish Commission to enforce in those cases wherein Section 1 of Article 893, Vernon's Penal Code apply.

We now consider your second question.  Prior to the 1953 amendment Article 893 read in part as follows:

> "Any person convicted of violating any provision of the game laws of this state shall thereby automatically forfeit his license for said season. . ."   (Emphasis Added)

The right to hunt was automatically forfeited by a violation of such laws and a conviction of the defendant under said law. The statute did not confer upon the court the authority to forfeit the defendant's right to hunt, and the inclusion of such provisions in the judgment was of no effect. Galloway v. State, 69 S.W.2d 89 (Tex.Crim. 1933).

After the 1953 amendment, Section 1 of Article 893, Vernon's Penal Code, read as above stated on page 1 of this opinion.  It is stated in 26 Tex. Jur. 2d 533, Game and Game laws, Section 10 that:

> "Formerly a conviction of violating any provision of the game laws automatically forfeited  the license of the convicted person, and he could not obtain another for a specified period.  Under the present law, however, any person charged with violating any law that it is the duty of the Game and Fish Commission to enforce has the right to have a court or jury decision on the question of forfeiture and of restoration of license."  (Emphasis added)

Sections 4 and 5 of the Act amending Article 893 reads in part as follows:

> "Sec. 4.  All laws, or parts of laws, local, general or special, are hereby repealed to the extent that they conflict with any provision of this Act.
>
> "Sec. 5.  The fact that such licenses are now automatically forfeited on a violation of any hunting and fishing law without

> allowing same to be at the discretion of the
> court, creates an emergency. . .
> (Emphasis added)  Acts 53rd Leg. R.S. 1953,
> Ch. 5, p.11.

This further illustrates that the Legislature intended to repeal the automatic forfeiture of licenses, that existed prior to the 1953 amendment, and give the trial courts the discretion of determining whether the license should be forfeited.

Construing the question of the forfeiture, the Court in the case of Ex parte A. J. Morris, supra, said:

> "It is apparent that the amended Article
> 893, V.A.P.C. . . . specifically provides that
> the forfeiture of the hunting license of the
> defendant is for the court or jury and must be
> provided for in the judgment."  (Emphasis
> added)

It is therefore our opinion that when a person is convicted in such cases in a court of competent jurisdiction it is mandatory upon the court or jury to decide whether to forfeit or restore his license and provide for same in the judgment.

## S U M M A R Y

1.  The Justice Court is without jurisdiction to try a person charged with the violation of any law which it is the duty of the Game and Fish Commission to enforce, in those cases wherein the provisions of Section 1 of Article 893, Vernon's Penal Code are applicable.

2.  When a person is convicted in such cases in a court of competent jurisdiction it is mandatory upon the court or jury to decide whether to forfeit or restore his license and provide for same in the judgment.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Hon. Bill Hollowell, Page 5 (C-5 )

By _Gilbert J. Peña_
Gilbert J. Peña
Assistant Attorney General

GJP:cjs

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Norman Suarez
Bill Allen
Joseph Trimble
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
By: Stanton Stone

APPROVED:

Waggoner Carr