

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 28, 1964

Honorable Charles H. Bolton
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. C-259

Re: Under Article 893, Section 1, of the Penal Code, is the forfeiture or restoration of the license discretionary with the court: or, is the right vested in the defendant under such Article?

We have received and carefully considered your request for an opinion upon the following question:

"Under Article 893, Section 1, of the Penal Code, is the forfeiture or restoration of the license discretionary with the court: or, is the right vested in the defendant under such Article?"

It should be noted that Acts 39th Leg. 1925, ch. 172, p. 387 provided in Sec. 30, as follows:

"Any person convicted of violating any provision of the game laws of this State shall thereby automatically forfeit his license for said season; . . ."

Thereafter the above mentioned forfeiture statute was amended by Acts 53rd Leg. 1953, ch. 5, p. 11, codified as Article 893, V.P.C., as follows:

"Section 1. Any person charged in any court in this State with an offense of violating any law which it is the duty of the Game and Fish Commission to enforce shall have the right to have the court or jury before which said person is tried either to forfeit the license of said person so charged or to restore said license to said person so charged for the remainder of the license period. The court shall so state in its judgment whether

or not the license of said person is revoked
or whether or not said person shall retain same."
(Emphasis added)

Section 5 provides:

"The fact that such licenses are now
automatically forfeited on a violation of any
hunting and fishing law without allowing same
to be at the discretion of the court, creates
an emergency. . . ." (Emphasis added)

In the case of Ex parte A. J. Morris, 325 S.W.2d 386 (Tex.
Crim. 1959), the Court was basically concerned with the question
of the jurisdiction of the Justice Court. The Court while dis-
cussing the 1925 Forfeiture Clause and comparing it with the
1953 Forfeiture Clause stated as follows:

"In construing a prior statute this Court
held the license to be automatically forfeited
by the final conviction; that the statute did
not confer upon the court the authority to
forfeit the defendant's right to hunt, and that
the inclusion of such provision in the judgment
was of no effect. Galloway v. State, 125 Tex.
Cr.R. 524, 69 S.W.2d 89.

"It is apparent that the amended Article
893, V.A.P.C. precludes such a holding. It
specifically provides that the forfeiture of
the hunting license of the defendant is for
the court or jury and must be provided for in
the judgment." (Emphasis added)

It has been held time and time again that the cardinal rule
of statutory construction is to ascertain the Legislature intent.
This rule is stated in 53 Tex.Jur.2d 180, Statutes, Sec. 125 as
follows:

"The intention of the legislature in enact-
ing a law is the law itself, the essence of the
law, and the spirit that gives life to the enact-
ment. It is the duty of the courts to give full
recognition to the legislative intent. . . ."

Again, at page 183 of 53 Tex.Jur.2d, Statutes, Sec. 125 the proposition is stated as follows:

". . .The intent having been ascertained, the court will then seek to construe the statute so as to give effect to the purpose of the Legislature, as to the whole and each material part of the law, even though this may involve a departure from the strict letter of the law as written by the legislature. This is the fundamental canon and the cardinal, primary, and paramount rule of construction, which should always be closely observed and to which all other rules must yield. . . ." Brown and Root v. Durland, 126 Tex. 20, 84 S.W.2d 1073 (1935); State v. Dyer, 145 Tex. 586, 200 S.W.2d 813 (1947).

53 Tex.Jur.2d 249, Statutes, Sec. 170 provides as follows:

". . ./A/n emergency clause may be considered if it sheds light on the inquiry and will aid the court in ascertaining the legislative intent,. . ."

53 Tex.Jur.2d 252, Statutes, Sec. 173 states:

"When necessary to arrive at the proper construction of a statute, a court may consider its legislative history and the history of legislation generally pertaining to the subject with which it deals. Legislative history is admissible when it will aid in arriving at the intention of the legislature or that of persons employed to codify the laws . . . ."

It was shown above that Section 5 of Article 893 spoke of the forfeiture of the license being at the discretion of the court. This is further evidence, in light of the prior automatic forfeiture provision that the Legislature intended that there would be no more automatic forfeiture; but that the defendant had the right to elect whether he wanted the court or jury to consider forfeiting or reinstating his license. After he makes his election as to whether he wants the court or the jury to decide, then the forfeiture or reinstatement is at

the discretion of the court or jury.  If the Legislature intended to give the defendant the right to elect that neither the court or jury could decide whether to revoke the license or restore same, it would not have provided in the 1953 Amendment that, "The court shall so state in its judgment whether or not the license of said person  is revoked or whether or not said person shall retain same."  (Emphasis added)  It is clear that the Legislature merely intended to give the defendant the right to decide whether the court or the jury would make the decision as to forfeiture or restoration of his license.

## S U M M A R Y

Under Article 893, Section 1, V.P.C., the forfeiture or restoration of a hunting, fishing or trapping license is discretionary with the court if the defendant elects to have the court decide rather than the jury.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

BY  JAMES P. BRISCOE
Assistant Attorney General

JPB:aj

APPROVED
OPINION COMMITTEE

W. V. Geppert, Chairman
Roy Johnson
Roger Tyler
Brady Coleman
J. C. Aler

APPROVED FOR THE ATTORNEY GENERAL
By:  Hawthorne Phillips