**B. T. BONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41694.**

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Dixie, Wolf & Hall, by Robert E. Hall, Houston, for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Tom Roberson, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Appellant was convicted in Justice Court, Precinct No. 4, of Harris County, of the offense of unlawful assembly and assessed punishment at a fine of $200.

On appeal to the County Criminal Court at Law No. 4 of Harris County, in a trial de novo upon the original complaint he was again convicted and punishment was assessed at a fine of $200.

In his appeal to this court, appellant contends that the judgment of conviction is void because the justice court did not have jurisdiction of the offense charged and the county court was therefore without jurisdiction.

It is appellant's contention that he was charged with a violation of Arts. 439 and 449 of the Penal Code and since the punishment prescribed by Art. 449, supra, is a fine of not more than $500, the justice court was without jurisdiction of the case.

It is the state's position that the offense charged in the complaint is punishable under Art. 452, P.C., which provides for a fine of not more than $200, and that the justice court did have jurisdiction.

The complaint, omitting the formal parts, alleged that on or about the 16th day of May, 1967, the appellant "did then and there *met* with Arthur Vinson Baker, Jr., and Claude H. Denson, Jr., and others unknown to affiant with the intent to aid each other by violence and by carrying signs and singing and shouting to deprive the students and faculty of the Northwood Junior High School of the rights of attending and conducting said school, and did then and there by means aforesaid disturb the said students and faculty in the enjoyment of said rights."

The subject of "unlawful assemblies" is found in the various articles of Chapter 1, Title 9, of our Penal Code.

Art. 439 defines the term as follows:

"An 'unlawful assembly' is the meeting of three or more persons with intent to aid each other by violence or in any other manner either to commit an offense or illegally to deprive any person of any right or to disturb him in the enjoyment thereof."

Following the definition, various purposes for which such assemblies may be had are set forth in separate articles, with punishments affixed for the unlawful acts.

Art. 449 provides:

"If the purpose of the unlawful assembly be to prevent any person from pursuing any labor, occupation or employment, or to intimidate any person from following his daily avocation, or to interfere in any manner with the labor or employment of another, the punishment shall be by fine not exceeding five hundred dollars."

Art. 452 provides:

"If the purpose of the unlawful assembly be to effect any illegal object other than those mentioned in the preceding articles of this chapter, all persons engaged therein shall be fined not more than two hundred dollars."

We conclude that the allegation in the complaint that appellant met with the others "with the intent * * * to deprive the students and faculty of the Northwood Junior High School of the rights of attending and conducting said school" was tantamount to an allegation that their purpose was to prevent the faculty, if not also the students, from pursuing their labor, occupation, or employment at the school and also to interfere with their labor or employment.

The complaint, as drawn, charged an offense under Art. 449, supra, which prescribes punishment of a fine not exceeding $500. Such an amount exceeds the jurisdiction of the justice court. Art. 4.11, C. C.P. The judgment entered by the justice court was therefore void. Ex parte Brachey, et al., 142 Tex.Cr.R. 332, 152 S.W. 2d 763.

The justice court being without jurisdiction, the county court was also without jurisdiction on appeal. Ex parte Morris, 168 Tex.Cr.R. 281, 325 S.W.2d 386; Morris v. State, 167 Tex.Cr.R. 384, 320

S.W.2d 682; Ex parte Seals, 158 Tex.Cr.R. 329, 255 S.W.2d 215. It therefore follows that appellant's conviction is void.

For the reasons stated, the appeal is dismissed without prejudice to appellant's right to attack the judgment of conviction as being void for the want of jurisdiction in both the justice court and the county court at law by writ of habeas corpus.

WOODLEY, P. J., would affirm the conviction as a prosecution under Articles 439 and 452, P.C.