

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 26, 1969

Honorable Dwayne V. Overstreet
County Attorney of Hardin County
Hardin County Courthouse
Kountze, Texas 77625

Opinion No. M-345

Re: Construction of Article
1377B, V.P.C., relating to
Justice Court jurisdiction,
and sufficiency of enclo-
sure.

Dear Mr. Overstreet:

In connection with your recent request for opinion you submitted
the following fact situation:

> "In Hardin County, there are wildlife and hunting
> associations and clubs with leases on large tracts
> of land, one of which is composed of approximately
> 40,000 acres. Each of these clubs have leases on
> these large tracts of land with a general enclosure
> around the large tracts of land. There is some cross
> fencing in some of the clubs. Yet, within the general
> enclosures, there are small tracts of land not included
> in the leases held by the game clubs and these small
> tracts of land, some of which may be composed of 10
> acres and others which may be composed of 200 acres
> are not fenced separately and apart, but are situate
> within the general enclosure of the game and wildlife
> clubs."

In connection with such facts you present the following questions:

(1) Will this general enclosure enable the game club officials
and/or wardens to file trespass charges under Article 1377b on an
individual hunting on the leased property of the game club within
the general enclosure?

(2) Will this enclosure enable the game club officials and/or
wardens to file trespass charges on an owner or lessee of one of
the small tracts who is found hunting on the leased property of the
game club within the general enclosure?

(3) In view of the wording of Article 1377b, Section 3, Vernon's
Annotated Penal Code, does a Justice Court have jurisdiction to try
a trespass case?

Section 1 of Article 1377b, Penal Code of Texas, provides that no person shall enter or attempt to enter upon the enclosed land of another without consent of the owner, proprietor, lessee, or person in charge thereof, and there do or attempt to do certain itemized acts.

Subdivision (a) of Section 2 of Article 1377b provides that a person who claims the right to use land which is wholly or partially surrounded by land owned by another person shall not enter or attempt to enter upon the surrounding land without the consent of the owner, proprietor, lessee, or person in charge of such surrounding land, and do or attempt to do any of a number of itemized acts.

Subdivision (b) of Section 2 contains an access provision providing in part that a person who claims the right to use land which is either wholly or partially surrounded by land owned by another person shall have the right to enter the surrounding land for purposes of ingress and egress to such land that is wholly or partially surrounded.

Section 3 of Article 1377b provides penalties upon conviction for violation of the provisions of Sections 1 or 2 generally as follows:

1. Upon first conviction, a fine of $10 to $50.
2. Upon second conviction, a fine, $200 to $500 and forfeiture of hunting and/or fishing privileges for two years; and,
3. Upon third conviction, confinement in jail not to exceed 30 days, or by fine of $500 to $1,000 and forfeiture of hunting and/or fishing privileges for three years.

Article 895d, Penal Code of Texas, provides in part, as follows:

"Notwithstanding any other provision of law, hunting licenses, ...., and fishing licenses, ...., are not subject to forfeiture for violation of any general, local or special game or fish law or for violation of any rule or regulation of the Parks and Wildlife Commission."

In the case of Waggoner's Estate v. Gleghorn, (Tex. Sup. 1964) of 378 S.W.2d 47, the Supreme Court held the above quoted portion of subsection (b) of Section 2 of Article 1377b, which purports to grant access rights to the surrounded tract, to be violative of Section 17 of Article 1 of the Constitution of Texas.

Subsection (b) of Section 2, however, is neither related nor material to the other provisions here under consideration, and further, the amendatory acts of 1959 and 1963 each contained severability clauses, and if the remaining portions may stand alone they will stand unaffected by the Waggoner case.

The remaining portions of Section 2 present other problems which we feel render such section wholly inoperative. Although not directly material to the fact situation you present, we must observe that subdivision (a) of Section 2 is directed not only to those tracts totally surrounded by larger tracts but also to those that are partially surrounded. Whether the term "partially surrounded" is intended to apply to all adjoining tracts with a single common boundary no matter how short the line, or whether it is limited to situations where 3 of 4 sides are surrounded, or maybe 17 of 23 sides, it is impossible to determine. It is the opinion of this office that such provision "is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or from some other written law of the State," and therefore must be regarded as wholly inoperative under the provisions of Article 6 of the Penal Code of Texas. With "partially surrounded" tracts excluded from Section 2 there remains only those tracts totally surrounded coming within the purview of Subdivision (a) of Section 2.

Section 1 of Article 1377b places the onus upon the land holder to have his land enclosed if he wants to partake of the protection afforded him by the trespass statute, but Subdivision (a) of Section 2 would relieve a land holder of this requirement, insofar as his neighbors are concerned, if he is big enough to totally surround them. It is the opinion of this office that the relative size of one's holdings in relation to those of his neighbor is not such reasonable classification as is required by Article 1, Section 3 of the Constitution of Texas, and for this reason Subdivision (a) of Section 2, insofar as it attempts to relieve surrounding landowners of the prerequisites of enclosing their lands, is in violation of Article 1, Section 3 of the Texas Constitution and is void and inoperative.

Further unequal application of the law is pointed out by Section 5 of Article 1377b which provides that the surrounding land holder shall not enter or attempt to enter upon the surrounded land. This prohibition is not limited to the itemized acts prohibited by Sections 1 and 2 but is an absolute prohibition against entry. However, this unequal prohibition is apparently offset by the fact that no penalty is provided for its violation.

Your first question, which inquires as to the sufficiency of the "general enclosure" under Section 1 of Article 1377b is answered in the negative. The "general enclosure" might be considered as enclosed to everyone, except the surrounded land holders and those persons having the right of entry under them, but not being enclosed to these persons, it is not enclosed to any, as the large tracts of land in question are not totally enclosed. The term "enclosed land" as used in Section 1 of Article 1377b, means land that is completely and fully enclosed.

For the constitutional reasons hereinbefore set out it is the opinion of this office that your second question should be answered in the negative. The exception from the enclosure requirement being inoperative, and the land not being "enclosed", no offense is shown.

Article 5, Section 19 of the Constitution of Texas provides that:

> "Justices of the Peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than two hundred dollars, ..."

Prior to the enactment of Article 1377b and the repeal of Article 1377, in 1959, Article 1377 provided a penalty of a fine not to exceed $200 and by forfeiture of hunting and/or fishing privileges for one year, but Article 893 gave the court the discretion whether to forfeit such licenses. In the case of Ex Parte Morris, 325 S.W.2d 386, the Court of Criminal Appeals held that "the Justice Court is without jurisdiction to try a prosecution under Article 1377, P.C., the punishment provided in the statute for its violation not being limited to a fine of $200.00."

Article 1377, Acts 1959, 56th Leg., 2nd C.S., p. 164, ch. 42, was repealed and Article 1377b providing for fine only of $10 to $50 upon first conviction was enacted. Since that time Article 893 has been repealed and Article 895d enacted.

It is the opinion of this office that the bar to Justice Court jurisdiction on first offense trespass has been removed by the present provisions of Article 1377b and that such first offense is within the jurisdiction of the Justice of the Peace Court, but that it is the only offense under the Article that is within such jurisdiction in that the Second and Third offense penalties are not limited to a fine of not more than $200.00.

## S U M M A R Y

> A general or perimeter enclosure around a tract of land which surrounds another tract of land under different ownership and control does not constitute such enclosure as is necessary to sustain a conviction under Section 1 of Article 1377b, Vernon's Penal Code. The provision in Section 2 of Article 1377b excluding the surrounding tract from requirement of enclosure is in violation of Article 1, Section 3 of the Texas Constitution, requiring reasonable classification. Justice

of the Peace Court has jurisdiction over first conviction trespass under Article 1377b, but not over second or third conviction cases.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Jo Betsy Lewallen
Charles Rose
Bob Lattimore
Tom Bullington

W. V. GEPPERT
Staff Legal Assistant