**Reza ABOUK, Relator,**

v.

**The Honorable Tom FULLER, Judge, County Criminal Court of Appeals No. 2, Dallas County, Texas, Respondent.**

**No. 05–86–01010–CV.**

Court of Appeals of Texas, Dallas.

March 25, 1987.

Rehearing Denied May 14, 1987.

Roy C. Hughes, Jr., Dallas, for relator.

Jeffrey B. Keck, Dallas, for respondent.

Before HOWELL, STEWART and McCRAW, JJ.

HOWELL, Justice.

Relator, Reza Abouk, seeks a writ of mandamus ordering the respondent, Judge Tom Fuller of County Criminal Court of Appeals No. 2, to hear relator's appeal from a municipal court judgment convicting him of speeding. For the reasons discussed below, we conditionally grant the writ.

The City of Richardson extends into two counties: Dallas and Collin. Relator was cited for driving 46 miles per hour in a 30 m.p.h. zone located in a portion of the city situated within Collin County. The complaint was filed in the Richardson Municipal Court. That court is housed in a building located in Dallas County. Abouk pleaded nolo contendere, and the municipal court assessed a $59 fine.

Relator timely filed a bond with the municipal court reciting that he was appealing his conviction to the County Criminal Court of Appeals of Dallas County. Upon receiving the bond, the municipal judge wrote to relator's attorney stating that the Dallas court had previously returned cases for lack of jurisdiction where the complaint charged that the offense occurred in Collin County. Relator then filed another bond and appealed his conviction to Collin County Court-at-Law No. 2. That court, on relator's motion, later dismissed the appeal for lack of jurisdiction and ordered that the appellate transcript be filed with the Dallas County Clerk. This was done, and the case was assigned to County Criminal Court of Appeals No. 2 of Dallas County where respondent presides. Respondent remanded the case to the municipal court with an order holding that the Dallas court had no jurisdiction of appeals based on complaints alleging the offense as having been committed outside of Dallas County.

Relator asserts that jurisdiction of his appeal was granted to the Dallas court by article 1970–31.21, section two of the Texas Revised Civil Statutes providing:

> The County Criminal Court of Appeals No. 2 shall have ... jurisdiction ... of all appeals from criminal convictions had ... in the justice courts and municipal courts in the county, ...

The term "justice courts and municipal courts in the county" obviously refers to Dallas County and necessarily means those justice and municipal courts physically located in Dallas County. Respondent's conclusion that his court lacks jurisdiction because the offense, as alleged, occurred outside Dallas County is erroneous.

The district attorney's brief filed in support of respondent's order contends that venue of the appeal lies in Collin County by reason of the general venue statute, Texas Code of Criminal Procedure article 13.18 (the proper county for the prosecution of offenses is where they were committed).

"Venue" means the place in which prosecutions are to commence. *Thomas v. State*, 699 S.W.2d 845, 854 (Tex. Crim.App.1985). Venue applies to trial courts only; it has no application to the question of the proper appellate court to which an appeal might be taken. Relator's prosecution for speeding began when the complaint was filed in the Richardson Municipal Court; that court had venue and jurisdiction over such portion of Collin County as comes within the boundaries of the City of Richardson. All venue requirements were fully and finally satisfied by the commencement of prosecution in that court.

The County Criminal Court of Appeals No. 2 of Dallas County was only called upon to exercise appellate jurisdiction. The foregoing statute gave to it jurisdiction over "all appeals" from lower courts "in the county [of Dallas]." We hold this to mean those justice and munici-

pal courts physically located in Dallas County. TEX.CODE CRIM.PROC.ANN. art. 4.08 (Vernon 1977); *Bonner v. State,* 436 S.W.2d 904, 906 (Tex.Crim.App.1968). The County Criminal Court of Appeals Number Two having appellate jurisdiction of the lower court, the situs of the offense was immaterial except insofar as it affected the jurisdiction of the lower court.

The fact that relator's appeal is to be de novo rather than an appeal on the record does not alter the situation. It is well settled that county level courts exercise appellate jurisdiction only when they hear de novo appeals from lower courts. TEX. CODE CRIM.PROC.ANN. art. 44.17 (Vernon 1979); *see also Bates v. Capps,* 349 S.W.2d 311 (Tex.Civ.App.—Houston 1961, no writ). It is historic for the appellate courts of Texas to hear appeals outside the county where the incident occurred. The argument that venue or jurisdiction of relator's appeal lies in Collin County because the complaint alleged an offense in Collin County is without merit.

Respondent's order effectively denied relator's right to appeal as established by the Texas Constitution and article 4.08 of the Texas Code of Criminal Procedure. We hold that relator has no adequate remedy. We assume that respondent, when apprised of this Court's opinion, will comply in all respects; accordingly, we conditionally grant relator's petition for a writ of mandamus.