

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 20, 1994

Honorable David H. Cain
Chair
Committee on Transportation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-285

Re: What court is the proper forum for prosecutions brought under House Bill 1084, Acts 1993, 73d Leg., ch. 88, at 175-76 (RQ-629)

Dear Representative Cain:

You have requested our opinion regarding the proper forum for prosecution of the offense of "overtaking and passing a school bus." The 73rd Legislature amended section 104 of article 6701d, V.T.C.S., to increase the penalties attached to this offense, which hitherto had been limited to "a fine of not less than $50 nor more than $200." Acts 1993, 73d Leg., ch. 88, § 1, at 175-76. As of September 1, 1993, section 104 prescribes the following penalties:

> (c)  An offense under this section is punishable by a fine of not less than $200 and not more than $1,000.

> (d)  On conviction of a person of a second or subsequent offense under this section, the court may order that the person's driver's license be suspended for a period of up to six months beginning on the date of conviction. In this subsection, "driver's license" has the meaning assigned by Section 1, Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's Texas Civil Statutes).

> (e) If a person fails to pay a previously assessed fine or costs on a conviction under this section, or is determined by the court to have insufficient resources or income to pay a fine or costs on a conviction under this section, the court may order the person to perform community service. The court shall set the number of hours of service under this subsection.

You ask whether prosecutions under the newly amended section 104 should be initiated in a justice court or a county court. For reasons to be discussed, *infra*, we initially consider only "first offense" violations brought under the newly amended section 104.

Article V, section 19 of the Texas Constitution provides:

> Justice of the peace courts shall have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law. Justices of the peace shall be ex officio notaries public.

Tex. Const. art. V, § 19. The present version of article V, section 19, was adopted in 1985. Prior thereto, the criminal jurisdiction of a justice court encompassed "all cases where the penalty or fine to be imposed by law" was "not . . . more than for two hundred dollars."

In 1991, section 4.11 of the Code of Criminal Procedure was amended to grant to justice courts "jurisdiction in criminal cases where the fine to be imposed by law may not exceed five hundred dollars." Acts 1991, 72d Leg., ch. 108, § 4, at 681. Simultaneously, section 4.07 of the code was amended to give county courts "original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." *Id.* § 3, at 681. In 1991, section 26.045 of the Government Code was amended to grant to every *constitutional* county court, and, by virtue of subsection 25.0003 of the Government Code, to every *statutory* county court as well, "*exclusive original jurisdiction* of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less." *Id.* § 6, at 682.

Article V, section 16 of the Texas Constitution provides that a [constitutional] county court, *i.e.*, one whose presiding officer is the county judge, "has jurisdiction as provided by law." *Statutory* county courts, on the other hand, are not specifically identified in the constitution; rather, they exist by virtue of the legislature's authority, in article V, section 1, to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof."[1] The legislature is clearly authorized to prescribe the jurisdiction of both kinds of county court, but it may not do so in

---

[1]Under article 4.14, Code of Criminal Procedure, a *municipal* court is granted *exclusive original jurisdiction* in all criminal cases that fit the following profile: 1) the offense occurs within the city's corporate limits; 2) the offense arises under a municipal ordinance which regulates fire safety, zoning, or public health and sanitation, including the dumping of refuse; and 3) the maximum punishment is by a fine of up to $2,000. The municipal court is also granted *exclusive original jurisdiction* in all other cases which 1) arise under a city ordinance, and in which 2) the maximum penalty is by a fine of up to $500. Finally, the municipal court is granted *concurrent jurisdiction* with a particular justice court under the following scenario: 1) the offense occurs within the city's corporate limits; 2) the offense occurs within the geographical boundaries of the justice court precinct; 3) the offense arises under the criminal laws of the *state* [rather than under a municipal ordinance]; and 4) the maximum punishment is by fine of not more than $500.

contravention of article V, section 19, which grants to a justice of the peace jurisdiction of *all* criminal offenses punishable by fine only, and, in addition, authorizes the legislature to *add to* the jurisdiction of the justice court.

This result was recently affirmed in Attorney General Opinion DM-277 (1993), in which we determined that justice court is a proper forum for complaints filed under section 13 of article 249a, V.T.C.S., which prohibits the unauthorized practice of architecture. The opinion declared that article 4.11, Code of Criminal Procedure, "is unconstitutional and void to the extent that it purports to" limit justice court jurisdiction to those cases in which the maximum fine is $500 or less. Opinion DM-277 cited with approval Attorney General Opinion JM-1089 (1989), which was the first opinion to hold that the $500 limitation imposed by article 4.11 was an invalid attempt to circumscribe the jurisdiction of the justice court.[2]

Attorney General Opinion JM-1089 also noted that there are a variety of circumstances in which "criminal district courts and constitutional and statutory county courts would have jurisdiction" over particular kinds of misdemeanors, and that statutes relevant to a particular county must be consulted in order to determine the precise criminal jurisdiction of the various criminal district, district, constitutional county, and statutory county courts.[3] *See* Gov't Code chs. 24 (district courts), 25 (statutory county courts), 26 (constitutional county courts), 27 (justice courts), 29 (municipal courts), 30 (municipal courts of record). Whatever the *concurrent* jurisdiction of such courts, it is clear that, on the basis of article V, section 19, a justice court may not be denied jurisdiction of *any* criminal matter in which the maximum punishment is limited to a fine.

We now consider the applicability of these principles to the question you present, *i.e.*, which court is the proper forum for prosecuting a first offense under section 104 of article 6701d. Because the clear language of the statute provides for punishment "by a fine of not less than $200 and not more than $1,000," the offense is one which, under article V, section 19 of the Texas Constitution, is within the jurisdiction of the justice court. The constitution does not, however, make that jurisdiction "exclusive." Thus, article V, section 19, does not invalidate article 4.07 of the Code of Criminal Procedure, which confers upon a county court original criminal jurisdiction in all cases in which *exclusive* original jurisdiction is not committed to the justice court, *and* where the

---

[2]Opinion DM-277 also overruled Letter Opinion 92-23 (1992), which had *upheld* the $500 limitation.

[3]The criminal jurisdiction of a constitutional or statutory county court may be limited by special statutory provisions applicable to particular counties, as described in Attorney General Opinion JM-1089, *supra.*

maximum fine upon conviction is greater than $500.[4]   In such instances, the justice and county courts have *concurrent* jurisdiction over all first offense prosecutions under section 104.[5]

Thus far, we have limited our inquiry to "first offense" prosecutions under newly amended section 104.  Subsection (d) thereof provides that, for "a second or subsequent offense . . . the court may order that the person's driver's license be suspended for a period of up to six months beginning on the date of conviction."

In *Ex parte Morris*, 325 S.W.2d 386 (Tex. Crim. App. 1959), the court considered whether an offense under article 1377 of the Penal Code (the criminal trespass provision) could properly be initiated in justice court.  The maximum punishment under the statute was "a fine of not more than $200," *and*, in the court's discretion, forfeiture of the defendant's hunting license for a period of one year.  The court held that, since the provision regarding license forfeiture was "not a pecuniary fine or a part of a fine," a justice court was without authority to hear a case under article 1377.  *Id.* at 387.

Analogously, the court's authority to order the suspension of a defendant's driver's license, on conviction of a "second or subsequent offense," removes from justice court jurisdiction all second and subsequent offenses brought under section 104.  As we have noted, article V, section 19 authorizes the legislature to grant to a justice court "such other jurisdiction as may be provided by law."  Although the legislature *could*, under this provision, authorize justice court jurisdiction over offenses which carry a maximum punishment of *both* fine *and* license suspension, it has not done so.  Thus, while first offense prosecutions under section 104 may be commenced either in justice *or* county court, any prosecution of a defendant who has been once convicted under that statute may be initiated *only* in county court.[6]

It might also be argued that subsection (e) permits an "additional punishment"--community service--which would deprive a justice court of jurisdiction to hear *any* prosecution brought under section 104.  In our opinion, such reasoning is fallacious. Subsection (e) prescribes not an "additional," but an "alternative," punishment.  Unless such an alternative is available, a court's imposition of a fine under section 104 would be

---

[4]To the extent that section 26.045, Government Code, grants to a county court *exclusive original jurisdiction* of misdemeanors in which the maximum punishment is a fine of more than $500, it is unconstitutional.

[5]The concurrent jurisdiction of a *municipal* court is limited to offenses arising under state law in which the maximum punishment is by a fine of not more than $500.  Since municipal courts are not among those specifically established by the constitution, the legislature is free to impose restrictions upon their jurisdiction, and, in our opinion, has validly done so.

[6]You do not ask, and we do not consider whether, in order to permit prosecution under subsection (d), the *first conviction* must have occurred *after* the effective date of House Bill 1084.

ineffectual in accomplishing the state's interest in punishment and deterrence. Furthermore, the same session of the legislature which amended section 104 specifically authorized the imposition of "community service" by a justice of the peace.

House Bill 930, Acts 1993, 73d Leg., ch. 298, at 1371-72, which adds section 45.521 to the Code of Criminal Procedure, provides for the imposition of community service by "a justice or judge" whenever a defendant has failed "to pay a previously assessed fine or costs, or who is determined by the court to have insufficient resources or income to pay a fine or costs." House Bill 930 is clearly intended to be applicable to those courts which specialize in "fine only" penalties. Indeed, the title of the bill indicates that it relates "to the authority of a justice of the peace or municipal judge to order community service in satisfaction of fine or costs and to the justice precinct in which persons may be tried or in which a constable may be allowed a fee." The "community service" language adopted in House Bill 930 is virtually identical to that used in subsection (e) of newly-enacted section 104. The two statutes, enacted by the same session of the legislature, are *in pari materia* with each other. In our opinion, legislative authority to prescribe "community service" as an alternative punishment in certain instances is clearly contemplated by that portion of article V, section 19, which permits the legislature to confer upon justice courts "such other jurisdiction as may be provided by law."

In summary, we conclude that a defendant who has not been previously convicted of the offense of "overtaking and passing a school bus," as described in section 104 of article 6701d, V.T.C.S., may be prosecuted either in the justice court precinct in which the offense occurs, or, subject to the limitations noted, *supra*, and described in Attorney General Opinion JM-1089, in the constitutional or statutory county court of the county in which it occurs. Persons who have been once convicted of the offense may not be tried in justice court.

## S U M M A R Y

A defendant who has not been previously convicted of the offense of "overtaking and passing a school bus," as described in section 104 of article 6701d, V.T.C.S., may be prosecuted either in the justice court precinct in which the offense occurs, or, subject to certain limitations as described in Attorney General Opinion JM-1089 (1989), in the constitutional or statutory county court of the county in which it occurs. Persons who have been once convicted of the offense may not be tried in justice court.

Very truly yours,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General